JEAN E. WILLIAMS
Deputy Assistant Attorney General
MICHELLE-ANN C. WILLIAMS
Trial Attorney, Natural Resources Section
CAITLIN M. CIPICCHIO
Trial Attorney, Natural Resources Section
H. HUBERT YANG
Senior Trial Attorney, Wildlife & Marine Resources Section
Environment & Natural Resources Division
United States Department of Justice
Ben Franklin Station
P.O. Box 7611
Washington, DC 20044-7611
Tel:  (202) 305-0420 (Williams)
Tel:  (202) 305-0503 (Cipicchio)
Tel:  (202) 305-0209 (Yang)
Fax:  (202) 305-0275
E-mail:  michelle-ann.williams@usdoj.gov
E-mail:  caitlin.cipicchio@usdoj.gov
E-mail:  hubert.yang@usdoj.gov

*Attorneys for Federal Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| MONTANA ENVIRONMENTAL INFORMATION CENTER, et al., | ) No. 1:19-cv-00130-SPW-TJC )  ) |
| Plaintiffs, | ) FEDERAL DEFENDANTS' ) ANSWER TO PLAINTIFFS' |
| v. | ) THIRD AMENDED ) COMPLAINT |
| DAVID BERNHARDT, in his official capacity as Secretary of the United States Department of the Interior, et al., | ) )  ) )  ) |
| Federal Defendants, | )  ) |
| and | )  ) |
| WESTMORELAND ROSEBUD MINING, LLC, | )  )  ) |
| Defendant-Intervenor. | )  ) |

Federal Defendants David Bernhardt, in his official capacity as Secretary of the United States Department of the Interior ("Secretary"); the United States Office of Surface Mining Reclamation and Enforcement ("OSMRE"); the United States Department of the Interior ("Interior"); Marcelo Calle, in his official capacity as Program Support Division Manager for OSMRE's Western Region; David Berry, in his official capacity as Regional Director for OSMRE's Western Region; Lanny Erdos, in his official capacity as Principal Deputy Director exercising the authority of the Director of OSMRE; Casey Hammond, in his

official capacity as Interior's Acting Assistant Secretary, Land and Minerals Management; Aurelia Skipwith, in her official capacity as Director of the United States Fish and Wildlife Service ("Service"); and the Service (collectively, "Federal Defendants"), answer as follows in response to Plaintiffs' Third Amended Complaint for Declaratory and Injunctive Relief ("TAC").  *See* Docket ("Dkt.") 55.   The numbered paragraphs herein correspond to the numbered paragraphs in the TAC.

1.   The allegations in Paragraph 1 constitute legal conclusions and Plaintiffs' characterization of their case, to which no response is required.

2.   The allegations in the first sentence of Paragraph 2 purport to characterize an Environmental Impact Statement ("EIS") prepared by the Montana Department of Health and Environmental Sciences ("MDHES") in 1973, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.  The allegations in the second sentence are vague and lack context sufficient to permit a response. To the extent a response is required, the allegations are denied.

3.   The allegations in the first sentence of Paragraph 3 are vague and are therefore denied, and purport to characterize an EIS prepared by MDHES in 1973, which speaks for itself and provides the best evidence of its contents.   Any allegations contrary to its plain language, meaning, and context are denied.

Federal Defendants admit the allegations in the second sentence that Interior's Assistant Secretary, Land and Minerals Management ("ASLM") approved a mining plan for Federal coal lease M82186, which is permitted by the Montana Department of Environmental Quality ("MDEQ") as C2011003F, and more commonly known as "Area F," which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.  Federal Defendants deny the remaining allegations in the second sentence.

4.     The allegations in the Paragraph 4 constitute Plaintiffs' legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

5.     The allegations in Paragraph 5 purport to characterize the EIS prepared by OSMRE for the Area F expansion, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

6.     The allegations in the first sentence of Paragraph 6 purport to characterize the EIS prepared by OSMRE for the Area F expansion and the 1973 EIS prepared by the MDHES, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language,

meaning, and context are denied.  The remaining allegations in Paragraph 6 are denied.

7.      The allegations in the first sentence of Paragraph 7 are vague and lack context sufficient to permit a response and they are therefore denied. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences, and the allegations are therefore denied. The allegations in the fourth sentence constitute legal conclusions to which no response is required.

8.      The allegations in Paragraph 8 constitute Plaintiffs' characterization of their case and legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

9.      The allegations in Paragraph 9 constitute legal conclusions to which no response is required.

10.      The allegations in Paragraph 10 constitute legal conclusions to which no response is required.

11.      The allegations in Paragraph 11 constitute legal conclusions to which no response is required.

12.      The allegations in Paragraph 12 constitute legal conclusions to which no response is required.

13.     The allegations in Paragraph 13 constitute legal conclusions to which no response is required.

14.     The allegations in Paragraph 14 constitute legal conclusions to which no response is required.

15.     The allegations in Paragraph 15 constitute legal conclusions to which no response is required.

16.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16, and the allegations are therefore denied.

17.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, and the allegations are therefore denied.

18.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18, and the allegations are therefore denied.

19.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19, and the allegations are therefore denied.

20.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20, and the allegations are therefore denied.

21.     Federal Defendants admit the allegations in the first sentence of Paragraph 21 that David Bernhardt is the Secretary of the Department of the Interior. The allegations in the second and third sentences are vague and are therefore denied, and constitute legal conclusions and purport to characterize the role and obligations of the Secretary which are defined by statute and regulations, to which no response is required.

22.     Federal Defendants admit that Interior is a federal department, but assert that the remaining allegations in Paragraph 22 are vague and are therefore denied, and constitute legal conclusions and purport to characterize the role of Interior which is defined by statute and regulations, to which no response is required.

23.     Federal Defendants admit the allegations in the first sentence of Paragraph 23 that OSMRE is a federal agency within Interior, but assert that the remaining allegations are vague and are therefore denied, and purport to characterize the role and obligations of OSMRE, which are defined by statute and regulations, to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations.  Federal Defendants admit the allegations

in the second sentence that OSMRE's Western Region, in conjunction with MDEQ, prepared an EIS, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied. Federal Defendants deny the remaining allegation in the second sentence.

24.    Federal Defendants admit the allegations in the first sentence of Paragraph 24.  Federal Defendants deny the allegations in the second sentence. The allegations in the third sentence are vague and are therefore denied, and purport to characterize the role and obligations of OSMRE, which are defined by statute and regulations, to which no response is required.

25.    Federal Defendants admit the allegations in the first sentence of Paragraph 25.  Federal Defendants deny the allegations in the second sentence that Mr. Berry is responsible for managing federal coal resources including those in Area F, and admit that Mr. Berry makes recommendations to the OSMRE Deputy Director or Director regarding mining plans. The remaining allegations in the second sentence and in the third sentence are vague and purport to characterize the role and obligations of OSMRE, which are defined by statute and regulations and to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations.  Federal Defendants admit that Mr. Berry was one

of the officials within OSMRE who recommended approval of the mining plan, but deny the remaining allegations in the fourth sentence.

26. Federal Defendants admit the allegations in the first sentence of Paragraph 26. The allegations in the second sentence are vague and are therefore denied, and purport to characterize the role and obligations of OSMRE, which are defined by statute and regulations, to which no response is required.

27. Federal Defendants admit the allegations in the first sentence of Paragraph 27. The allegations in the second sentence are vague and are therefore denied, and purport to characterize the role and obligations of the Acting ASLM, which are defined by statute, regulations, and Interior policy, to which no response is required. Federal Defendants admit that the previous ASLM, Joseph Balash, approved the mining plan, but deny the remaining allegations in the third sentence.

28. Federal Defendants admit that the Service is a federal agency within Interior and is responsible for administering the Endangered Species Act ("ESA") with respect to the pallid sturgeon. The remaining allegations in Paragraph 28 are vague and are therefore denied.

29. Federal Defendants admit that Aurelia Skipwith is the Director of the Service. The remaining allegations in Paragraph 29 are vague and are therefore denied.

30.     The allegations in Paragraph 30 constitute legal conclusions to which no response is required, and purport to characterize the National Environmental Policy Act of 1969 ("NEPA") and one of its implementing regulations, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

31.     The allegations in Paragraph 31 constitute legal conclusions to which no response is required, and purport to characterize NEPA and one of its implementing regulations, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

32.     The allegations in Paragraph 32 constitute legal conclusions to which no response is required, and purport to characterize NEPA and one of its implementing regulations, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

33.     The allegations in Paragraph 33 constitute legal conclusions to which no response is required, and purport to characterize NEPA, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

34.     The allegations in Paragraph 34 constitute legal conclusions to which no response is required, and purport to characterize NEPA, its implementing regulations, and a judicial decision, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

35.     The allegations in Paragraph 35 constitute legal conclusions to which no response is required, and purport to characterize NEPA, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

36.     The allegations in Paragraph 36 constitute legal conclusions to which no response is required, and purport to characterize NEPA, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

37.     The allegations in Paragraph 37 constitute legal conclusions to which no response is required, and purport to characterize the Administrative Procedure Act ("APA"), which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

38.     The allegations in Paragraph 38 constitute legal conclusions to which no response is required, and purport to characterize the APA, which speaks for

itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

39.     Defendants admit the allegations in Paragraph 39.

40.     Defendants admit the allegations in Paragraph 40.

41.     Defendants admit the allegations in Paragraph 41.

42.     Defendants admit the allegations in Paragraph 42.

43.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, fourth, and fifth sentences of Paragraph 43, and the allegations are therefore denied. The allegations in the third sentences purport to characterize the 1973 EIS prepared by the MDHES, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

44.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 44, and the allegations are therefore denied.  Federal Defendants admit the allegations in the second sentence that the Colstrip Power Plant is a four-unit power plant with a generating capacity of 2,094 megawatts, but deny the remaining allegations in the second sentence and the allegations in the third sentence because Federal Defendants lack knowledge and information sufficient to form belief as to the truth of the allegations.

45.    Federal Defendants admit the allegations in the first sentence of Paragraph 45 that the Rosebud Mine covers five permit areas totaling approximately 25,949 acres, adjacent to the Colstrip Power Plant and the town of Colstrip, and aver that the Rosebud Mine currently delivers between 7.7 million and 9.95 million tons of coal annually to the Colstrip Power Plant, but deny the remaining allegations in Paragraph 43 as vague.

46.    Federal Defendants admit the allegations in the first and second sentences of Paragraph 46.  The remaining allegations in this paragraph are vague and Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations, and these remaining allegations are therefore denied.

47.    The allegations in Paragraph 47 are vague and Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and the allegations are therefore denied.

48.    Federal Defendants admit the allegations in the first sentence of Paragraph 48.  The allegations in the second sentence are vague and purport to characterize an unidentified document by the Montana Department of State Lands, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied. Federal Defendants lack knowledge or information sufficient to form a belief as to

the truth of the allegations in the third sentence, and the allegations are therefore denied.  The allegations in the fourth sentence purport to characterize the EIS prepared for Area F, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

49.     The allegations in the first, second, and third sentences of Paragraph 49 are vague and speculative, and they are therefore denied. The allegations in the fourth, fifth, and sixth sentences purport to characterize the EIS prepared for Area F, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. The allegations in the seventh sentence are vague and speculative, and Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and the allegations are therefore denied.

50.     The allegations in Paragraph 50 are vague and Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and the allegations are therefore denied.

51.     The allegations in the first sentence of Paragraph 51 are vague and lack context sufficient to permit a response, and the allegations are therefore denied.  The allegations in the second sentence purport to characterize the 2014 Synthesis Report from the Intergovernmental Panel on Climate Change, which

speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. The allegations in the third sentence purport to characterize the Fourth National Climate Assessment from the U.S. Global Change Research Program, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.  The allegations in the fourth sentence purport to characterize the 2015 Paris Agreement, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

52.    The allegations in Paragraph 52 are vague and lack context sufficient to permit a response, and the allegations are therefore denied. Federal Defendants aver that in 2015, the Colstrip Power Plant emitted approximately 16 million tons of $CO_2e$.

53.    Federal Defendants admit the allegations in the first, second, and third sentences of Paragraph 53. The allegations in the fourth sentence are vague, and are therefore denied.

54.    Federal Defendants admit the allegations in the first, second, and third sentences of Paragraph 54. The fourth and fifth sentences purport to characterize the EIS prepared for Area F, which speaks for itself and provides the best evidence

of its contents.   Any allegations contrary to its plain language, meaning, and context are denied.

55.    Federal Defendants admit the allegations in the first and second sentences of Paragraph 55. The allegations in the third and fourth sentences are vague and lack context sufficient to permit a response, and the allegations are therefore denied.

56.    Federal Defendants admit the allegations in the first sentence of Paragraph 56.  The allegations in the second sentence purport to characterize the EIS prepared for Area F, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

57.    The allegations in Paragraph 57 purport to characterize the EIS prepared for Area F, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

58.    The allegations in the first sentence of Paragraph 58 purport to characterize the EIS for Area F, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. The allegations in the second and third sentences are vague

and lack context sufficient to permit a response, and the allegations are therefore denied.

59.     The allegations in the first, third, and fourth sentences of Paragraph 59 are vague and lack context sufficient to permit a response, and the allegations are therefore denied. The allegations in the second sentence purport to characterize the EIS prepared for Area F, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.  The allegations in the fifth sentence constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

60.     Federal Defendants incorporate by reference their responses in the preceding paragraphs.

61.     The allegations in Paragraph 61 constitute legal conclusions to which no response is required, and purport to characterize NEPA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

62.     The allegations in Paragraph 62 constitute legal conclusions to which no response is required, and purport to characterize one of NEPA's implementing regulations, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

63.     The allegations in Paragraph 63 constitute legal conclusions to which no response is required, and purport to characterize one of NEPA's implementing regulations, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

64.     The allegations in the first sentence of Paragraph 64 constitute legal conclusions to which no response is required. Federal Defendants deny the allegations in the second sentence.

65.     The allegations in Paragraph 65 constitute legal conclusions to which no response is required, and purport to characterize NEPA and its implementing regulations, and the APA, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to their plain language, meaning, and context are denied.

66.     Federal Defendants incorporate by reference their responses in the preceding paragraphs.

67.     The allegations in Paragraph 67 constitute legal conclusions to which no response is required, and purport to characterize NEPA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

68.     The allegations in Paragraph 68 constitute legal conclusions to which no response is required, and purport to characterize one of NEPA's implementing

regulations, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

69.     The allegations in Paragraph 69 constitute legal conclusions to which no response is required, and purport to characterize NEPA's implementing regulations, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to their plain language, meaning, and context are denied.

70.     The allegations in Paragraph 70 constitute legal conclusions to which no response is required, and purport to characterize one of NEPA's implementing regulations, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

71.     The allegations in Paragraph 71 constitute legal conclusions to which no response is required, and purport to characterize NEPA's implementing regulations, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to their plain language, meaning, and context are denied.

72.     Federal Defendants admit the allegations in the first sentence of Paragraph 72 that coal from Area F is expected to be burned at the Colstrip and Rosebud Power Plants, but deny the remaining allegations as vague and lacking context sufficient to permit a response.  The allegations in the second sentence are

vague and lack context sufficient to permit a response, and the allegations are therefore denied.

73.    The allegations in Paragraph 73 constitute legal conclusions to which no response is required, and purport to characterize NEPA and the APA, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to their plain language, meaning, and context are denied.

74.    Federal Defendants incorporate by reference their responses in the preceding paragraphs.

75.    The allegations in Paragraph 75 constitute legal conclusions to which no response is required, and purport to characterize NEPA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

76.    The allegations in Paragraph 76 constitute legal conclusions to which no response is required, and purport to characterize NEPA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

77.    The allegations in Paragraph 77 constitute legal conclusions to which no response is required, and purport to characterize NEPA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

78.    The allegations in Paragraph 78 constitute legal conclusions to which no response is required.

79.    Federal Defendants deny the allegations in Paragraph 79.

80.    The allegations in Paragraph 80 constitute legal conclusions to which no response is required.

81.    The allegations in Paragraph 81 constitute legal conclusions to which no response is required, and purport to characterize NEPA and its implementing regulations, and the APA, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to their plain language, meaning, and context are denied.

82.    Federal Defendants incorporate by reference their responses in the preceding paragraphs.

83.    The allegations in Paragraph 83 constitute legal conclusions to which no response is required, and purport to characterize NEPA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

84.    The allegations in Paragraph 84 constitute legal conclusions to which no response is required, and purport to characterize one of NEPA's implementing regulations, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

85.     The allegations in Paragraph 85 constitute legal conclusions to which no response is required, and purport to characterize a judicial decision, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

86.     Federal Defendants deny the allegations in Paragraph 86.

87.     The allegations in Paragraph 87 constitute legal conclusions to which no response is required, and purport to characterize NEPA and its implementing regulations, and the APA, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to their plain language, meaning, and context are denied.

88.     Federal Defendants incorporate by reference their responses in the preceding paragraphs.

89.     The allegations in Paragraph 89 purport to characterize the ESA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

90.     The allegations in Paragraph 90 purport to characterize the ESA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

91.    The allegations in Paragraph 91 purport to characterize the ESA, which speaks for itself and provides the best evidence of its contents.   Any allegations contrary to its plain language, meaning, and context are denied.

92.    The allegations in Paragraph 92 constitute legal conclusions to which no response is required, and also purport to characterize the ESA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

93.    In response to the allegations in Paragraph 93, Federal Defendants aver that the Service is responsible for administering the ESA with respect to the pallid sturgeon.  The remaining allegations in Paragraph 93 purport to characterize the ESA, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

94.    The allegations in Paragraph 94 purport to characterize the ESA implementing regulations, which speak for themselves and provide the best evidence of their contents.   Any allegations contrary to their plain language, meaning, and context are denied.

95.    The allegations in Paragraph 95 purport to characterize the ESA implementing regulations, which speak for themselves and provide the best evidence of their contents.   Any allegations contrary to their plain language, meaning, and context are denied.

96.    The allegations in Paragraph 96 purport to characterize the ESA implementing regulations, which speak for themselves and provide the best evidence of their contents.   Any allegations contrary to their plain language, meaning, and context are denied.

97.    The allegations in Paragraph 97 purport to characterize the ESA implementing regulations, which speak for themselves and provide the best evidence of their contents.   Any allegations contrary to their plain language, meaning, and context are denied.

98.    The allegations in Paragraph 98 purport to characterize the ESA implementing regulations, which speak for themselves and provide the best evidence of their contents.   Any allegations contrary to their plain language, meaning, and context are denied.

99.    The allegations in Paragraph 99 purport to characterize the ESA implementing regulations, which speak for themselves and provide the best evidence of their contents.   Any allegations contrary to their plain language, meaning, and context are denied.

100.   The allegations in Paragraph 100 purport to characterize the ESA implementing regulations, which speak for themselves and provide the best evidence of their contents.   Any allegations contrary to their plain language, meaning, and context are denied.

101.   In response to the allegations in the first sentence of Paragraph 101, Federal Defendants admit that coal from Area F is expected to be burned at the Colstrip and Rosebud Power Plants, but deny the remaining allegations as vague and lacking context sufficient to permit a response.  The allegations in the second sentence of Paragraph 101 are vague and lack context sufficient to permit a response, and the allegations are therefore denied.

102.   In response to the allegations in Paragraph 102, Federal Defendants admit that the Colstrip Power Plant withdraws all the water used at the power plant from the Yellowstone River, which is approximately 50,000 acre-feet per year, but deny the remaining allegations as vague and lacking in context sufficient to permit a response.

103.   The allegations in Paragraph 103 are vague and lack context sufficient to permit a response, and the allegations are therefore denied.

104.   Federal Defendants admit the allegations in the first sentence of Paragraph 104.  Federal Defendants deny the allegations in the second sentence of Paragraph 104.

105.   Federal Defendants admit the allegations in Paragraph 105.

106.   The allegations in Paragraph 106 are vague and lack context sufficient to permit a response, and the allegations are therefore denied.

107.   In response to the allegations in Paragraph 107, Federal Defendants admit that two pallid sturgeon have been detected at or near the Cartersville Dam – one fish in 2018 and another fish in 2019 – but aver that the upper distribution of migrating pallid sturgeon in the Yellowstone River from historical accounts over the last 100 years is approximately 50 river-miles downstream of the Cartersville Dam.   The remaining allegations in Paragraph 107 are vague and lack context sufficient to permit a response, and the allegations are therefore denied.

108.   The allegations in Paragraph 108 are vague and lack context sufficient to permit a response, and the allegations are therefore denied.

109.   Federal Defendants admit that OSMRE did not complete formal or informal consultation with the Service regarding the pallid sturgeon because OSMRE reached a no effect determination, which does not require consultation. The remaining allegations in Paragraph 109 are denied.

110.   The allegations in Paragraph 110 are vague and lack context sufficient to permit a response, and the allegations are therefore denied.

111.   The allegations in the Paragraph 111 constitute Plaintiffs' legal conclusions to which no response is required.   To the extent a response is required, the allegations are denied.

112.   In response to the allegations in paragraph 112, Federal Defendants admit that OSMRE considered coal plant emissions, including an emissions

deposition area, in their EIS for Area F.  The remaining allegations are denied as vague and lacking in context sufficient to permit a response.

113.   The allegations in Paragraph 113 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

114.   The allegations in Paragraph 114 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

115.   In response to the allegations in Paragraph 115, Federal Defendants aver that OSMRE made a no effect determination, and thus no concurrence from the Service was required.  Federal Defendants deny the remaining allegations in Paragraph 115.

116.   In response to the allegations in Paragraph 116, Federal Defendants aver that OSMRE made a no effect determination, and thus no concurrence from the Service was required.  Federal Defendants deny the remaining allegations in Paragraph 116.

117.   The allegations in Paragraph 117 constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

118.   The allegations in Paragraph 118 constitute legal conclusions to which no response is required, and purport to characterize the ESA and APA, which speak for themselves and provide the best evidence of their contents.   Any allegations contrary to their plain language, meaning, and context are denied.

119.   Federal Defendants incorporate by reference their responses in the preceding paragraphs.

120.   The allegations in Paragraph 120 purport to characterize the ESA, which speaks for itself and provides the best evidence of its contents.   Any allegations contrary to its plain language, meaning, and context are denied.

121.   In response to the allegations in Paragraph 121, Defendants aver that, following OSMRE's June 2019 Record of Decision ("ROD"), Plaintiffs attached a memorandum regarding pallid sturgeon to their letter, dated November 18, 2019, that purported to provide notice of their intent to sue regarding certain agencies' alleged failure to complete consultation under the ESA.  This memorandum speaks for itself and is the best evidence of its contents.   Any allegations contrary to its plain language and meaning are denied.

122.   In response to the allegations in Paragraph 122, Defendants aver that the memorandum submitted by Plaintiffs postdates OSMRE's June 2019 ROD by five months and could not have been considered in connection with the June 2019 ROD.

123.   In response to the allegations in Paragraph 123, Defendants aver that Defendants received a letter from Plaintiffs, dated April 8, 2020, that purported to provide notice of Plaintiffs' intent to sue regarding certain agencies' alleged failure to reinitiate consultation under the ESA pursuant to 50 C.F.R. § 402.16(a)(2).  This document speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.  Defendants also admit that Defendants did not respond to Plaintiffs' letter.

124.   The allegations in Paragraph 124 constitute legal conclusions to which no response is required, and purport to characterize the ESA and APA, which speak for themselves and provide the best evidence of their contents.   Any allegations contrary to their plain language, meaning, and context are denied.

## PRAYER FOR RELIEF

The remainder of the TAC constitutes Plaintiffs' request for relief and legal conclusions, to which no response is required.  To the extent a response is required, Federal Defendants deny that Plaintiffs are entitled to the relief sought or any relief whatsoever.

## GENERAL DENIAL

Federal Defendants deny any allegations in the TAC, whether express or implied, that are not specifically admitted, denied, or qualified herein.

## AFFIRMATIVE DEFENSES

1.      The Court may lack subject matter jurisdiction to review some or all of Plaintiffs' claims.

2.      Plaintiffs may lack standing.

3.      Plaintiffs fail to state a claim upon which relief may be granted.

4.      Venue may be more appropriate in the District Court for the District of Columbia.

WHEREFORE, Federal Defendants respectfully pray that this Court deny in all respects Plaintiffs' Prayer for Relief, dismiss the TAC, enter judgment for Federal Defendants, and grant to Federal Defendants such other relief as may be appropriate.

Dated:  July 23, 2020                          Respectfully submitted,

JEAN E. WILLIAMS
Deputy Assistant Attorney General
MICHELLE-ANN C. WILLIAMS
Trial Attorney, Natural Resources Section
CAITLIN M. CIPICCHIO
Trial Attorney, Natural Resources Section


*/s/ H. Hubert Yang*
H. HUBERT YANG
Senior Trial Attorney, Wildlife & Marine
Resources Section
Environment & Natural Resources Division
United States Department of Justice
Ben Franklin Station
P.O. Box 7611

Washington, DC 20044-7611
Tel:  (202) 305-0420 (Williams)
Tel:  (202) 305-0503 (Cipicchio)
Tel:  (202) 305-0209 (Yang)
Fax:  (202) 305-0275
E-mail:  michelle-ann.williams@usdoj.gov
E-mail:  caitlin.cipicchio@usdoj.gov
E-mail:  hubert.yang@usdoj.gov

*Attorneys for Federal Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2020, I electronically filed the foregoing Federal Defendants' Answer To Plaintiffs' Third Amended Complaint with the Clerk of the Court using the CM/ECF system, which will send notification of this filing to the attorneys of record.

*/s/ H. Hubert Yang*
H. HUBERT YANG
United States Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station
P.O. Box 7611
Washington, DC 20044-7611
Tel: (202) 305-0209
Fax: (202) 305-0275
E-mail: hubert.yang@usdoj.gov

*Attorney for Federal Defendants*