IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| MONTANA ENVIRONMENTAL INFORMATION CENTER, et al., | CV 19-130-BLG-SPW-TJC |
| Plaintiffs, | |
| vs. | **ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |
| DAVID BERNHARDT, et al., | |
| Defendants, | |
| and | |
| WESTMORELAND ROSEBUD MINING, LLC, | |
| Intervenor Defendant. | |

Plaintiffs Montana Environmental Information Center ("MEIC"), Indian People's Action, 350 Montana, Sierra Club, and WildEarth Guardians ("Plaintiffs") bring this action challenging Federal Defendants' approval of a Mine Plan Modification for the Rosebud Mine located near Colstrip, Montana. (Doc. 55.) The Mine Plan Modification approved the Area F expansion, which added approximately 6,500 acres to the Rosebud Mine. Westmoreland Rosebud Mining, LLC, formerly known as Western Energy Company ("Westmoreland"), owns and

operates the Rosebud Mine, and was granted leave to intervene in this action as a Defendant.  (Doc. 9.)

Judge Watters has referred the case to the undersigned under 28 U.S.C. § 636(b)(1)(B).  (Doc. 43.)  Presently before the Court are Westmoreland's Motion to Dismiss for Lack of Standing (Doc. 32), and Motion for Leave to Conduct Limited Discovery Regarding Plaintiffs' Standing (Doc. 47).[1]  The motions are fully briefed and ripe for the Court's review.  (Docs. 33, 42, 44, 46, 48, 49, 50.)

Having considered the parties' submissions, the Court recommends that Westmoreland's Motion to Dismiss for Lack of Standing be **GRANTED in part and DENIED in part, with leave to amend**.  The Court further orders that Westmoreland's Motion for Leave to Conduct Limited Discovery Regarding Plaintiffs' Standing is **DENIED**.

## I.    BACKGROUND

Plaintiffs bring this action challenging the approval of the Mine Plan Modification under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701-706 and the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321-5370h.  (Doc. 55.)  Plaintiffs request the Court vacate the Mine Plan Modification

---

[1] Westmoreland has also filed a Motion to Transfer Venue (Doc. 20), which is addressed by separate order.

Decision and enjoin mining in the Area F expansion.  (*Id.*)  The issue presently before the Court is whether Plaintiffs have adequately alleged standing.

The Third Amended Complaint alleges Plaintiffs "have standing under Article III of the U.S. Constitution because the challenged actions cause them economic, professional, recreational, and aesthetic harm, which will be remedied by a favorable ruling from this Court."  (Doc. 55 at ¶ 13.)

Westmoreland moves to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of standing, arguing Plaintiffs failed to sufficiently allege a concrete and particularized injury.  (Doc. 33.)  Westmoreland also requests leave to conduct jurisdictional discovery related to the standing of MEIC, Sierra Club, and WildEarth Guardians.  (Doc. 47.)

## II.    DISCUSSION

### A.    Motion to Dismiss

"It goes without saying that those who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy."  *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983).  The Supreme Court has stated that "to satisfy Article III's standing requirements, a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged

3

action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180-81 (2000).

A defendant may challenge the plaintiff's jurisdictional allegations under Rule 12(b)(1) in one of two ways, "as a facial challenge to the allegations of a pleading, or as a substantive challenge to the facts underlying the allegations." *Atlantic Richfield Co. v. Christian*, 2016 WL 8677253, *3 (D. Mont. July 8, 2016); *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). The Ninth Circuit has explained the difference between a facial and factual attack as follows: "In a facial attack, the challenger asserts that the allegations contained in the complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

A facial attack is resolved in the same manner as a motion to dismiss under Rule 12(b)(6), the court accepts the plaintiff's allegations as true, draws all reasonable inferences in the plaintiff's favor, and determines whether the allegations are sufficient to invoke the court's jurisdiction.[2] *Leite*, 749 F.3d at

---

[2] Article III standing is challenged under Fed. R. Civ. P. 12(b)(1), however, and does not involve an analysis of the merits of the claim. As a result, the pleading standards of *Ashcroft v. Iqbal*, 556 U.S. 622 (2009) and *Bell Atlantic Corp. v.*

1121.  Whereas, a factual attack is resolved "under the same evidentiary standard that governs in the summary judgment context."  *Id.*  The defendant raises a factual attack "by introducing evidence outside the pleadings."  *Id.*  "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction."  *Safe Air*, 373 F.3d at 1039.

Here, Westmoreland has raised a facial attack because it argues the allegations in the Third Amended Complaint are insufficient on their face to establish standing.[3]  For example, Westmoreland contends Plaintiffs "do not

---

*Twombly*, 550 U.S. 544 (2007) are not applied to motions to dismiss based on constitutional standing.  *Maya v. Centex Corp.*, 658 F.3d 1060, 1067-68 (9th Cir. 2011).

[3] Westmorland purports to factually attack the standing of Indian People's Action on grounds that its stated interests are not germane to this litigation.  In support of its argument, Westmorland submits a copy of the entry for Indian People's Action from the Montana Secretary of State Business Search webpage.  On that entry, the organization's stated purpose "is to work in Montana's urban areas and reservations, and border towns to reach out and empower Montana's Indian families to address the economic, social, racial and environmental inequalities that shape their lives."  (Doc. 33-3 at 2.)  However, the Third Amended Complaint contains a nearly identical statement.  Plaintiffs allege "Indian People's Action is a nonprofit organization that works in Montana urban areas to reach out to and empower Native Americans to address the social, economic, environmental and racial inequities that shape their lives."  (Doc. 55 at ¶ 17.)  As such, the Court finds Westmoreland has failed to raise a factual issue, as it has not presented any evidence beyond what is already stated in the Third Amended Complaint.

adequately allege injury-in-fact related specifically to mining in Area F." (Doc. 33 at 10.) Westmoreland asserts Plaintiffs "allege only generalized and unsupported harm" and "provide no information whatsoever about their members." (*Id.* at 5.) Indeed, Westmoreland acknowledges in its reply that its motion to dismiss was based on a facial attack on standing at the pleading stage. (Doc. 46 at 2.) As such, whether subject matter jurisdiction exists does not depend on resolution of a factual dispute, but rather on the allegations in the Third Amended Complaint.[4] *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).

"[E]ach element of Article III standing 'must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation." *Bennett v. Spear*, 520 U.S. 154, 167-68 (1997) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). The plaintiff's burden at the pleading stage is "relatively modest." *Id.* at 171. "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we "presum[e] that general allegations embrace those specific facts that are

---

[4] The Court notes that Plaintiffs submitted standing declarations with their response brief. (Docs. 44-1, 44-2, 44-3 and 44-4.) The Court need not consider the declarations at this stage in the case however, because Westmoreland raised a facial attack. *See Wolfe*, 392 F.3d at 362 (holding the plaintiff "was not required to provide evidence outside the pleadings, because the defendants have made a facial rather than a factual attack on subject matter jurisdiction").

necessary to support the claim." *Defenders of Wildlife*, 504 U.S. at 561 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 889 (1990)).  Nevertheless, the plaintiff may not "rely on a bare legal conclusion to assert injury-in-fact, or engage in an 'ingenious academic exercise in the conceivable' to explain how defendants' actions causes his injury." *Maya v. Centex Corp.*, 658 F.3d 1060, 1068 (9th Cir. 2011).

Here, Plaintiffs allege "the challenged actions cause them economic, professional, recreational, and aesthetic harm, which will be remedied by a favorable ruling from this Court." (Doc. 55 at ¶ 13.)  With respect to MEIC, Plaintiffs additionally allege "MEIC and its members have intensive, long-standing recreational, aesthetic, scientific, professional, and spiritual interests in the responsible production and use of energy, the reduction of greenhouse gas (GHG) pollution as a means to ameliorate the climate crisis, and the land, air, water, and communities impacted by climate change.  MEIC members live, work, and recreate in areas that will be adversely affected by the Rosebud Mine expansion." (*Id.* at ¶ 16.)  As to WildEarth Guardians, Plaintiffs also contend "Guardians' members and staff have recreational, aesthetic, scientific, professional, and spiritual interests in a protected and stable climate, and an environment that is sustained by a protected and stable climate.  Guardian's members use and plan to

continue to use and enjoy landscapes impacted by the Rosebud Mine Expansion."
(*Id.* at ¶ 19.)

The Court finds that at this stage of the litigation, Plaintiffs have sufficiently alleged an injury in fact as to MEIC and WildEarth Guardians.  "Environmental plaintiffs 'adequately allege injury in fact when they aver that they use the affected area and are persons for whom the aesthetic and recreational values of the area will be lessened by the challenged activity." *WildEarth Guardians v. Chao*, 392 F.Supp.3d 1192, 1196 (D. Mont.  2019).  Plaintiffs include allegations regarding MEIC and WildEarth Guardians' alleged injury, including their interests in and their members' use of the affected area.  It is not difficult to presume that MEIC and WildEarth Guardians' injury is fairly traceable to Defendants' approval of the mine expansion and that it will likely be redressed if the Mine Plan Modification Decision is vacated.  Further, contrary to Westmoreland's argument, Plaintiffs were not required to identify their members in the Third Amended Complaint. *See e.g. Ass'n of Am. Physicians v. Sebelius*, 901 F.Supp.2d 19, 31 (D. D.C. 2012) (noting "several Courts have found that a plaintiff need not identify the affected members by name at the pleading stage. . . . At the pleading stage, the Court presumes that general allegations encompass the specific facts necessary to support the claim, so the plaintiff need not identify any affected member by name.").  As

such, the Court finds Plaintiffs have established standing to survive a motion to dismiss as to MEIC and WildEarth Guardians.

But with regard to Indian People's Action, 350 Montana, and the Sierra Club, Plaintiffs' allegations are insufficient.  Plaintiffs do not include any additional allegations concerning Indian People's Action, 350 Montana, or the Sierra Club's use of the affected area or their injury in fact beyond the general statement that "the challenged actions cause them economic, professional, recreational, and aesthetic harm, which will be remedied by a favorable ruling from this Court."  (Doc. 55 at ¶ 13.)  The Court finds that statement, standing alone, amounts to a bare legal conclusion, which simply recites the legal requirements for standing.  As noted above, a plaintiff cannot rely on a bare legal conclusion to assert injury in fact.  *Maya*, 658 F.3d at 1068.  Nevertheless, the Court also finds Plaintiffs may be able to cure the defect if given the opportunity to amend.  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ( "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.")

The Court, therefore, recommends that Westmoreland's Motion to Dismiss be **DENIED** as to MEIC and WildEarth Guardians, and **GRANTED with leave to amend** as to Indian People's Action, 350 Montana, and the Sierra Club.

9

### B.    Motion for Leave to Conduct Jurisdictional Discovery

Westmoreland argues that to the extent the Court finds there is a factual dispute regarding standing, it should be permitted to conduct limited jurisdictional discovery.  District courts have broad discretion to permit or deny discovery.  *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003).  Generally, discovery is permitted "where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary."  *Butcher's Union Local No. 498 v. SDC Inv., Inc.,* 788 F.2d 535, 540 (9th Cir.1986).

 In light of the fact that Westmoreland's motion is facial attack on standing, and no additional factual issues have been raised or considered, the Court finds jurisdictional discovery is not necessary.  Accordingly, Westmoreland's motion for leave to conduct discovery is **DENIED**.

## III.   CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** that Westmoreland's Motion to Dismiss for Lack of Standing (Doc. 32) be **GRANTED in part and DENIED in part, with leave to amend**.

 **IT IS ORDERED** that Westmoreland's Motion for Leave to Conduct Limited Discovery Regarding Plaintiffs' Standing (Doc. 47) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk shall serve a copy of the Findings and Recommendations of United States Magistrate Judge upon the parties.  The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after service hereof, or objection is waived.

DATED this 29th day of July, 2020.

_____

TIMOTHY J. CAVAN
United States Magistrate Judge

11