**EXHIBIT 1**
Proposed Answer

John C. Martin
Susan Mathiascheck
Holland & Hart LLP
901 K Street NW, Suite 850
Washington, DC  20001

25 South Willow Street, Suite 200
P.O. Box 68
Jackson, WY 83001
Phone:  (307) 739-9741
Fax:  (307) 739-9744
jcmartin@hollandhart.com
smmathiascheck@hollandhart.com

Hadassah M. Reimer
Holland & Hart LLP
P.O. Box 68
Jackson, WY  83001
Phone:  (307) 739-9741
Fax:  (307) 739-9744
hmreimer@hollandhart.com

Kristina (Tina) R. Van Bockern
Holland & Hart LLP
555 Seventeenth Street, Suite 3200
Denver, CO  80202
Phone: (303) 295-8107
Fax: (720) 545-9952
trvanbockern@hollandhart.com

*ATTORNEYS FOR THE UNION ROSEBUD MINING LLC AND
INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 400*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | | |
|---|---|---|
| MONTANA ENVIRONMENTAL INFORMATION CENTER, INDIAN PEOPLE'S ACTION, 350 MONTANA, SIERRA CLUB, WILDEARTH GUARDIANS, | ) ) ) ) ) ) | Case No. 1:19-cv-00130-SPW-TJC |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| DAVID BERNHARDT, et al., | ) ) | **INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 400'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT** |
| Defendants, | ) ) | |
| and | ) ) | |
| WESTMORELAND ROSEBUD MINING LLC, | ) ) ) | |
| Intervenor. | ) ) | |

1

Intervenor International Union of Operating Engineers, Local 400, hereby files this Answer to the Plaintiffs' Third Amended Complaint (Doc. 55). Unless specifically admitted herein, each factual allegation in the Third Amended Complaint is denied.

**INTRODUCTION**

1.      Paragraph 1 purports to characterize the nature of Plaintiffs' claims in the Complaint, and requires no response. To the extent a response is required, the allegations are denied.

2.      The first sentence of Paragraph 2 and subsequent quoted material purport to characterize a 1973 Montana Department of Health and Environmental Sciences document. The 1973 Montana Department of Health and Environmental Sciences document speaks for itself and is the best evidence of its content. The remaining allegations in Paragraph 2 contain legal conclusions and require no response. To the extent a response is required, the allegations are denied.

3.      The first sentence of Paragraph 3 purports to characterize a 1973 Montana Department of Health and Environmental Sciences document. The 1973 Montana Department of Health and Environmental Sciences document speaks for itself and is the best evidence of its content. The Union admits that Federal Defendants approved the Area F expansion of the Rosebud Mine. The remaining

2

allegations in Paragraph 3 contain legal conclusions and require no response. To the extent a response is required, the allegations are denied.

4.      Paragraph 4 purports to characterize a 1973 Montana Department of Health and Environmental Sciences document. The 1973 Montana Department of Health and Environmental Sciences document speaks for itself and is the best evidence of its content. The remaining allegations in Paragraph 4 contain legal conclusions and require no response. To the extent a response is required, the allegations are denied.

5.      The allegations in Paragraph 5 contain legal conclusions and require no response. To the extent a response is required, the allegations are denied.

6.      Paragraph 6 purports to characterize a 1973 Montana Department of Health and Environmental Sciences document. The 1973 Montana Department of Health and Environmental Sciences document speaks for itself and is the best evidence of its content. The remaining allegations in Paragraph 6 contain legal conclusions and require no response. To the extent a response is required, the allegations are denied.

7.      A portion of Paragraph 7 purports to characterize a 1973 Montana Department of Health and Environmental Sciences document. The 1973 Montana Department of Health and Environmental Sciences document speaks for itself and

3

is the best evidence of its content. The Union lacks information sufficient to form

a belief as to the truth of the allegations contained in the third sentence of

Paragraph 7. The remaining allegations in Paragraph 7 contain legal conclusions

and require no response. To the extent a response is required, the allegations are

denied.

8.      Paragraph 8 states a legal conclusion and no response is required. To

the extent a response is required, the allegations are denied.

## JURISDICTION AND VENUE

9.      Paragraph 9 consists of legal conclusions and no response is required.

To the extent that a further response is required, The Union admits that the

Complaint presents a federal question under 28 U.S.C. § 1331 and that review may

be available under the Administrative Procedure Act, 5 U.S.C. §§ 701-706, and

Endangered Species Act, 16 U.S.C. § 1540(g).

10.     Paragraph 10 of the Complaint consists of legal conclusions, to which

no response is necessary. To the extent that a further response is required, The

Union denies that Plaintiffs are entitled to declaratory or other relief under 28

U.S.C. §§ 2201, 2202, 5 U.S.C. §§ 705, 706, and 16 U.S.C. § 1540(g).

11.     Paragraph 11 of the Complaint consists of legal conclusions to which

no response is necessary. To the extent a further response is required, The Union

4

states that venue is more appropriate in the U.S. District Court for the District of Columbia.

12.     Paragraph 12 of the Complaint consists of legal conclusions to which no response is necessary.  However, The Union admits that the Rosebud Mine is within the Billings Division.

13.     Paragraph 13 consists of legal conclusions regarding standing to which no response is required.  To the extent that a response is required, The Union denies the allegations in Paragraph 13.

14.     Paragraph 14 consists of legal conclusions regarding jurisdiction to which no response is required.  To the extent that a response is required, The Union denies the allegations in Paragraph 14.

15.     Paragraph 15 consists of legal conclusions regarding exhaustion to which no response is required.  To the extent that a response is required, the Union denies the allegations in Paragraph 15.

## PARTIES

16.     The Union lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 16.

17.     The Union lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 17.

5

18.    The Union lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 18.

19.    The Union lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 19.

20.    The Union lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 20.

21.    The Union admits that Defendant David Bernhardt is Secretary of the U.S. Department of the Interior.  The remaining allegations in Paragraph 21 purport to describe Secretary Bernhardt's responsibilities under various statutory authorities that speak for themselves.  The remaining allegations in Paragraph 21 are denied.

22.    The Union admits the allegations in Paragraph 22.

23.    The Union admits the allegations in Paragraph 23.

24.    The Union admits that Marcelo Calle is Program Support Division Manager of the OSM Western Region.  The Union lacks information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24.

25.    The Union admits that David Berry is the Regional Director of OSM's Western Region.  The Union admits that Mr. Berry recommended approval of the mining plan modification for the expansion of the Rosebud Mine.  The Union lacks

6

information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 25.

26.    The Union admits that Lanny Erdos is Director of OSM. The Union lacks information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 26.

27.    The Union admits that Casey Hammond is Acting Assistant Secretary of Land and Minerals Management of the U.S. Department of the Interior. The Union admits that Joe Balash approved the mining plan modification. The Union lacks information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 27.

28.    The Union admits that the U.S. Fish and Wildlife Service is an agency within the U.S. Department of the Interior and is responsible for administering the ESA with respect to listed species.

29.    The Union admits that Defendant Aurelia Skipwith is the Director of the U.S. Fish and Wildlife Service. The remaining allegations in Paragraph 29 are legal conclusions to which no response is required.

## LEGAL BACKGROUND

### I.    National Environmental Policy Act

30.     Paragraph 30 purports to describe the requirements of 40 C.F.R. § 1500.1(a) and 42 U.S.C. §§ 4321, 4331, which regulation and statutes speak for themselves and are the best evidence of their content.  To the extent that the allegations contradict or are otherwise inconsistent with the terms of the regulation or statutes, they are denied.

31.     Paragraph 31 purports to describe the requirements of 40 C.F.R. § 1500.1(c), which regulation speaks for itself and is the best evidence of its content.  To the extent that the allegations contradict or are otherwise inconsistent with the terms of the regulation, they are denied.

32.     Paragraph 32 purports to describe the requirements of 40 C.F.R. § 1501.2, which regulation speaks for itself and is the best evidence of its content.  To the extent that the allegations contradict or are otherwise inconsistent with the terms of the regulation, they are denied.

33.     Paragraph 33 purports to describe the requirements of 42 U.S.C. § 4332, which statute speaks for itself and is the best evidence of its content.  To the extent that the allegations contradict or are otherwise inconsistent with the terms of the statute, they are denied.

34.     Paragraph 34 purports to describe the requirements of 40 C.F.R. § 1502.14 and 42 U.S.C. § 4332, which regulation and statute speak for themselves

8

and are the best evidence of their content. To the extent that the allegations

contradict or are otherwise inconsistent with the terms of the regulation or statute,

they are denied. The remainder of this paragraph purports to characterize Ninth

Circuit caselaw, which caselaw speaks for itself and is the best evidence of its

content. To the extent that the allegations contradict or are otherwise inconsistent

with the caselaw, they are denied.

35.    Paragraph 35 purports to describe the requirements of 42 U.S.C.

§ 4332, which statute speaks for itself and is the best evidence of its content. To

the extent that the allegations contradict or are otherwise inconsistent with the

terms of the statute, they are denied.

36.    Paragraph 346purports to describe the requirements of 42 U.S.C.

§ 4332, which statute speaks for itself and is the best evidence of its content. To

the extent that the allegations contradict or are otherwise inconsistent with the

terms of the statute, they are denied.

## II.    Administrative Procedure Act

37.    Paragraph 37 purports to describe the requirements of 5 U.S.C. § 702,

which statute speaks for itself and is the best evidence of its content. To the extent

that the allegations contradict or are otherwise inconsistent with the terms of the

statute, they are denied.

38.     Paragraph 38 purports to describe the requirements of 5 U.S.C. § 706, which statute speaks for itself and is the best evidence of its content.  To the extent that the allegations contradict or are otherwise inconsistent with the terms of the statute, they are denied.

## FACTS

**I.     The Pine Breaks**

39.     The allegations in Paragraph 39 purport to describe information also made available in the Federal Defendants' Environmental Impact Statement ("EIS") for the Area F expansion, which document speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with the EIS, they are denied.

40.     The allegations in Paragraph 40 purport to describe information also made available in the Federal Defendants' EIS, which document speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with the EIS, they are denied.

41.     The allegations in Paragraph 41 purport to describe information also made available in the Federal Defendants' EIS, which document speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with the EIS, they are denied.

42.    The Union admits that coal mining began in Colstrip in the 1920s. The remaining allegations contained in Paragraph 42 are denied on the basis that the Union, after reasonable investigation, is without knowledge or information sufficient to form a belief as to the truth thereof.

## II.    The Rosebud Mine and Colstrip Power Plant

43.    The Union admits that the Rosebud Mine produces subbituminous coal. The third sentence purports to characterize public comments on the Montana Department of Health and Environmental Sciences' EIS. The public comments speak for themselves and are the best evidence of their content. To the extent that the allegations contradict or are otherwise inconsistent with the public comments, they are denied. The remaining allegations contained in Paragraph 43 are denied on the basis that the Union, after reasonable investigation, is without knowledge or information sufficient to form a belief as to the truth thereof.

44.    The allegations contained in Paragraph 44 are denied on the basis that the Union, after reasonable investigation, is without knowledge or information sufficient to form a belief as to the truth thereof.

45.    The Union admits that the Rosebud Mine consists of five permit areas covering 25,949 acres, and avers that three of those areas – Areas A, B, and C – are active and operating pursuant to valid and existing rights under Federal and private

11

leases, while Areas D and E are being actively reclaimed.  The Union further admits that the Rosebud Mine produces 8.0 to 10.25 million tons of low-sulfur (0.64 percent) subbituminous coal annually.  The Union further admits that the Rosebud Mine produces "waste coal" annually.  The remaining characterizations and allegations contained in Paragraph 45 are denied.

**III.     Delayed Reclamation and Polluted Water**

46.     The Union admits that the acreage approximations for reclamation in the first two sentences of Paragraph 44 are accurate, but denies all other allegations in the first two sentences.  The remaining allegations purport to characterize multiple comments from unidentified scientists at the OSM and an unidentified recognition from unidentified regulators.  The comments and recognition, to the extent they exist, speak for themselves and are the best evidence of their content. Given that the comments and recognition are not identified, the allegations contained in Paragraph 46 are denied on the basis that the Union is without knowledge or information sufficient to form a belief as to the truth thereof.

47.     The allegations purport to characterize comments from unidentified sources at the Montana Department of Environmental Quality.  The comments, to the extent they exist, speak for themselves and are the best evidence of their content.  Given that the comments are not identified, the allegations contained in

12

Paragraph 47 are denied on the basis that the Union is without knowledge or information sufficient to form a belief as to the truth thereof. All other allegations in Paragraph 47 are denied.

48.     The allegations purport to characterize comments from unidentified sources at the Montana Department of State Lands. The comments, to the extent they exist, speak for themselves and are the best evidence of their content. Given that the comments are not identified, the allegations contained in Paragraph 48 are denied on the basis that the Union is without knowledge or information sufficient to form a belief as to the truth thereof. The allegations further purport to characterize the Federal Defendants' EIS for the Area F expansion. The Federal Defendants' EIS speaks for itself and is the best evidence of its content. To the extent that the allegations contradict or are otherwise inconsistent with the Federal Defendants' EIS, they are denied. The remaining allegations contained in Paragraph 48 are denied.

49.     The allegations purport to characterize the Federal Defendants' EIS for the Area F expansion. The Federal Defendants' EIS speaks for itself and is the best evidence of its content. To the extent that the allegations contradict or are otherwise inconsistent with the Federal Defendants' EIS, they are denied. The remaining allegations contained in Paragraph 49 are denied.

13

50.    The allegations contained in Paragraph 50 are denied on the basis that
the Union, after reasonable investigation, is without knowledge or information
sufficient to form a belief as to the truth thereof.

**IV.    Greenhouse Gas Pollution**

51.    The allegations in Paragraph 51 purport to characterize a 2014
Synthesis Report by the Intergovernmental Panel on Climate Change. The 2014
Synthesis Report speaks for itself and is the best evidence of its content. To the
extent that the allegations contradict or are otherwise inconsistent with the 2014
Synthesis Report, they are denied. The allegations further purport to characterize
the Fourth National Climate Assessment by the U.S. Global Change Research
Program. The Fourth National Climate Assessment speaks for itself and is the best
evidence of its content. To the extent that the allegations contradict or are
otherwise inconsistent with the Fourth National Climate Assessment, they are
denied. The allegations further purport to characterize comments regarding the
Paris Agreement according to an unidentified speaker. The comments, to the
extent they exist, speak for themselves and are the best evidence of their content.
Given that the comments are not identified, the allegations contained in Paragraph
51 are denied on the basis that the Union is without knowledge or information

14

sufficient to form a belief as to the truth thereof. The remaining allegations
contained in Paragraph 51 are denied.

52.     The allegations in Paragraph 52 are denied on the basis that the
Union, after reasonable investigation, is without knowledge or information
sufficient to form a belief as to the truth thereof.

**V.     The Area F Expansion**

53.     The Union admits the first two sentences of Paragraph 53. All other
allegations in Paragraph 53 are denied.

54.     The Union admits the first two sentences of Paragraph 54. The Union
denies the allegations in the third sentence. The remaining allegations purport to
characterize the Federal Defendants' EIS for the Area F expansion. The Federal
Defendants' EIS speaks for itself and is the best evidence of its content. To the
extent that the allegations contradict or are otherwise inconsistent with the Federal
Defendants' EIS, they are denied.

55.     The Union admits that an estimated 70.8 million tons of recoverable
coal reserves exist in Area F and will be removed during the 19-year operations
period. The remaining allegations in Paragraph 55 are denied.

56.     The Union admits the first sentence of Paragraph 56. The second
sentence contains allegations which purport to characterize the Federal

15

Defendants' EIS for the Area F expansion. The Federal Defendants' EIS speaks for itself and is the best evidence of its content. To the extent that the allegations contradict or are otherwise inconsistent with the Federal Defendants' EIS, they are denied. The Union denies the remaining allegations in Paragraph 56.

57. The allegations in Paragraph 57 purport to characterize the Federal Defendants' EIS for the Area F expansion. The Federal Defendants' EIS speaks for itself and is the best evidence of its content. To the extent that the allegations contradict or are otherwise inconsistent with the Federal Defendants' EIS, they are denied. The remaining allegations in Paragraph 57 are denied.

58. The allegations in Paragraph 58 purport to characterize the Federal Defendants' EIS for the Area F expansion. The Federal Defendants' EIS speaks for itself and is the best evidence of its content. To the extent that the allegations contradict or are otherwise inconsistent with the Federal Defendants' EIS, they are denied. The allegations further purport to quote unidentified agency scientists, which quotes, to the extent they exist, are the best evidence of their contents. To the extent that the allegations contradict or are otherwise inconsistent with those comments, they are denied. The remaining allegations in Paragraph 58 are denied.

59. The allegations in Paragraph 59 purport to characterize the Federal Defendants' EIS for the Area F expansion. The Federal Defendants' EIS speaks

16

for itself and is the best evidence of its content. To the extent that the allegations contradict or are otherwise inconsistent with the Federal Defendants' EIS, they are denied. The remaining allegations in Paragraph 59 are denied.

## FIRST CAUSE OF ACTION

### (NEPA Violation: Failure to Adequately Evaluate Cumulative Effects on Surface Water)

60. The Union incorporates by reference its responses to Paragraphs 1-59 above.

61. Paragraph 61 purports to describe the requirements of 42 U.S.C. § 4332, which statute speaks for itself and is the best evidence of its content. To the extent that the allegations contradict or are otherwise inconsistent with the terms of the statute, they are denied.

62. Paragraph 62 purports to describe the requirements of 40 C.F.R. § 1508.25, which regulation speaks for itself and is the best evidence of its content. To the extent that the allegations contradict or are otherwise inconsistent with the terms of the regulation, they are denied.

63. Paragraph 63 purports to describe the requirements of 40 C.F.R. § 1508.7, which regulation speaks for itself and is the best evidence of its content.

17

To the extent that the allegations contradict or are otherwise inconsistent with the terms of the regulation, they are denied.

64.     The Union denies the allegations in Paragraph 64.

65.     Paragraph 65 constitutes a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.

## SECOND CAUSE OF ACTION

## (NEPA Violation: Failure to Evaluate Indirect and Cumulative Effects to the Yellowstone River)

66.     The Union incorporates by reference its responses to Paragraphs 1-65 above.

67.     Paragraph 67 purports to describe the requirements of 42 U.S.C. § 4332, which statute speaks for itself and is the best evidence of its content.  To the extent that the allegations contradict or are otherwise inconsistent with the terms of the statute, they are denied.

68.     Paragraph 68 purports to describe the requirements of 40 C.F.R. § 1508.25, which regulation speaks for itself and is the best evidence of its content. To the extent that the allegations contradict or are otherwise inconsistent with the terms of the regulation, they are denied.

69.     Paragraph 69 purports to describe the requirements of 40 C.F.R.

§ 1508.8, which regulation speaks for itself and is the best evidence of its content.

To the extent that the allegations contradict or are otherwise inconsistent with the

terms of the regulation, they are denied.

70.     Paragraph 70 purports to describe the requirements of 40 C.F.R.

§ 1508.7, which regulation speaks for itself and is the best evidence of its content.

To the extent that the allegations contradict or are otherwise inconsistent with the

terms of the regulation, they are denied.

71.     Paragraph 71 purports to describe the requirements of 40 C.F.R.

§ 1508.25, which regulation speaks for itself and is the best evidence of its content.

To the extent that the allegations contradict or are otherwise inconsistent with the

terms of the regulation, they are denied.

72.     The Union admits that the coal from the Area F expansion is planned

to be burned at the Colstrip Power Plant, but denies the remaining allegations in

Paragraph 72.

73.     Paragraph 73 constitutes a legal conclusion to which no response is

required.  To the extent a response is required, the allegations are denied.

19

## THIRD CAUSE OF ACTION

### (NEPA Violation: Failure to Adequately Evaluate Greenhouse Gas Pollution from Combustion)

74.     The Union incorporates by reference its responses to Paragraphs 1-73 above.

75.     Paragraph 75 purports to describe the requirements of 42 U.S.C. § 4332, which statute speaks for itself and is the best evidence of its content. To the extent that the allegations contradict or are otherwise inconsistent with the terms of the statute, they are denied.

76.     Paragraph 76 purports to describe the requirements of 42 U.S.C. § 4332, which statute speaks for itself and is the best evidence of its content. To the extent that the allegations contradict or are otherwise inconsistent with the terms of the statute, they are denied.

77.     Paragraph 77 purports to describe the requirements of 42 U.S.C. § 4332, which statute speaks for itself and is the best evidence of its content. To the extent that the allegations contradict or are otherwise inconsistent with the terms of the statute, they are denied.

78.     Paragraph 78 constitutes a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

79.     The Union denies the allegations in Paragraph 79.

80.     The Union denies the allegations in Paragraph 80.

81.     Paragraph 81 constitutes a legal conclusion to which no response is

required.  To the extent a response is required, the allegations are denied.

## FOURTH CAUSE OF ACTION

## (NEPA Violation: Failure to Consider a Reasonable Range of Alternatives)

82.     The Union incorporates by reference its responses to Paragraphs 1-81

above.

83.     Paragraph 83 purports to describe the requirements of 42 U.S.C.

§ 4332, which statute speaks for itself and is the best evidence of its content.  To

the extent that the allegations contradict or are otherwise inconsistent with the

terms of the statute, they are denied.

84.     Paragraph 84 purports to describe the requirements of 40 C.F.R.

§ 1502.14, which regulation speaks for itself and is the best evidence of its content.

To the extent that the allegations contradict or are otherwise inconsistent with the

terms of the regulation, they are denied.

85.     Paragraph 85 purports to characterize Ninth Circuit caselaw, which

caselaw speaks for itself and is the best evidence of its content.  To the extent that

the allegations contradict or are otherwise inconsistent with the caselaw cited, they are denied.

86.     The Union denies the allegations in Paragraph 86.

87.     Paragraph 87 constitutes a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.

## FIFTH CAUSE OF ACTION

### (ESA Violation:  Arbitrary No Effect Determination and Failure to Consult on Pallid Sturgeon)

88.     The Union incorporates by reference its responses to Paragraphs 1-87 above.

89.     Paragraph 89 purports to describe the requirements of 16 U.S.C. § 1536(a)(2), which speaks for itself and is the best evidence of its content.  To the extent that the allegations contradict or are otherwise inconsistent with the terms of the statute, they are denied.

90.     Paragraph 90 purports to describe the requirements of 16 U.S.C. § 1536(a)(2), which speaks for itself and is the best evidence of its content.  To the extent that the allegations contradict or are otherwise inconsistent with the terms of the statute, they are denied.

91.     Paragraph 91 purports to describe the requirements of 16 U.S.C. § 1536(a)(2), which speaks for itself and is the best evidence of its content.  To the

22

extent that the allegations contradict or are otherwise inconsistent with the terms of the regulation, they are denied.

92.     The Union denies the allegations in Paragraph 92.

93.     Paragraph 93 purports to describe the requirements of 16 U.S.C. § 1536(a)(2), which speaks for itself and is the best evidence of its content.  To the extent that the allegations contradict or are otherwise inconsistent with the terms of the statute, they are denied.

94.     Paragraph 94 purports to describe the requirements of 50 C.F.R. § 402.14, which regulation speaks for itself and is the best evidence of its content. To the extent that the allegations contradict or are otherwise inconsistent with the terms of the regulation, they are denied.

95.     Paragraph 95 purports to describe the requirements of 50 C.F.R. § 402.13(a), which regulation speaks for itself and is the best evidence of its content.  To the extent that the allegations contradict or are otherwise inconsistent with the terms of the regulation, they are denied.

96.     Paragraph 96 purports to describe the requirements of 15 C.F.R. § 402.02, which regulation speaks for itself and is the best evidence of its content. To the extent that the allegations contradict or are otherwise inconsistent with the terms of the regulation, they are denied.

97. Paragraph 97 purports to describe the requirements of 15 C.F.R.

§ 402.02, which regulation speaks for itself and is the best evidence of its content. To the extent that the allegations contradict or are otherwise inconsistent with the terms of the regulation, they are denied.

98. Paragraph 98 purports to describe the requirements of 15 C.F.R.

§ 402.02, which regulation speaks for itself and is the best evidence of its content. To the extent that the allegations contradict or are otherwise inconsistent with the terms of the regulation, they are denied.

99. Paragraph 99 purports to describe the requirements of 15 C.F.R.

§ 402.02, which regulation speaks for itself and is the best evidence of its content. To the extent that the allegations contradict or are otherwise inconsistent with the terms of the regulation, they are denied.

100. Paragraph 100 purports to describe the requirements of 15 C.F.R.

§ 402.02, which regulation speaks for itself and is the best evidence of its content. To the extent that the allegations contradict or are otherwise inconsistent with the terms of the regulation, they are denied.

101. The Union admits that coal from the Area F expansion will be burned at the Colstrip Power Plant. The Union denies all other allegations in Paragraph 101.

24

102.   The Union admits that the Colstrip Power Plan withdraws water from the Yellowstone River.  The Union lacks information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 102.  To the extent a response is required, the allegations are denied.

103.   The Union lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 103.  To the extent a response is required, the allegations are denied.

104.   The Union lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 104.  To the extent a response is required, the allegations are denied.

105.   The Union lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 105.  To the extent a response is required, the allegations are denied.

106.   The Union lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 106.  To the extent a response is required, the allegations are denied.

107.   The Union lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 107.  To the extent a response is required, the allegations are denied.

108.    The Union denies the allegations in Paragraph 108.

109.    The Union admits that the Office of Surface Mining did not engage in formal consultation with the U.S. Fish and Wildlife Service regarding effects on pallid sturgeon of mining in Area F.  All other allegations in Paragraph 109 are denied.

110.    The Union denies the allegations in Paragraph 110.

111.    Paragraph 111 states a legal conclusion to which no response is required.  To the extent a response is required, the Union denies the allegations.

112.    The Union denies the allegations in Paragraph 112.

113.    Paragraph 113 states a legal conclusion to which no response is required.  To the extent a response is required, the Union denies the allegations.

114.    The Union denies the allegations in paragraph 114.

115.    The Union lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 115.  To the extent a response is required, the allegations are denied.

116.    The Union admits that the pallid sturgeon is not present in the action area.  All other allegations in Paragraph 116 are denied.

117.    Paragraph 117 states a legal conclusion to which no response is required.  To the extent a response is required, the Union denies the allegations.

26

118.   Paragraph 118 states a legal conclusion to which no response is required.  To the extent a response is required, the Union denies the allegations.

## FIFTH CAUSE OF ACTION

### (ESA Violation:  Arbitrary No Effect Determination and Failure to Consult on Pallid Sturgeon)

119.   The Union incorporates by reference its responses to Paragraphs 1-118 above.

120.   Paragraph 120 purports to describe the requirements of 50 C.F.R. § 402.16(b), which regulation speaks for itself and is the best evidence of its content.  To the extent that the allegations contradict or are otherwise inconsistent with the terms of the regulation, they are denied.

121.   The Union lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 121.  To the extent a response is required, the allegations are denied.

122.   The Union admits that the Office of Surface Mining could not have considered in the ROD information that was provided to it *after* the ROD was prepared.  All other allegations in Paragraph 122 are denied.

123.   The Union lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 123.  To the extent a response is required, the allegations are denied.

27

124.   Paragraph 124 states a legal conclusion to which no response is required.  To the extent a response is required, the Union denies the allegations.

## PRAYER FOR RELIEF

The remaining paragraphs of the Third Amended Complaint contain Plaintiffs' request for relief and do not require a response; to the extent that a response is required, the Union denies that the Plaintiffs are entitled to any relief.

## AFFIRMATIVE DEFENSES

The Union pleads the following affirmative defenses:

A.     The Complaint, in whole or in part, fails to state a cause of action upon which relief can be granted.

B.     The Court lacks subject matter jurisdiction over Plaintiffs' claims.

C.     Venue is not appropriate in the Billings Division of the United States District Court of the District of Montana.

D.     Plaintiffs' claims are barred in whole or in part to the extent Plaintiffs lack standing to assert any or all of the causes of action alleged and/or remedies requested in the Third Amended Complaint.

E.     Plaintiffs' claims are barred and precluded due to waiver.

WHEREFORE, Intervenor International Union of Operating Engineers,

Local 400 respectfully requests that the Court deny Plaintiffs' claims and the relief

which it requests and dismiss Plaintiffs' Complaint with prejudice.

Dated this 14th day of September, 2020.

*Dessa Reim*
_____
John C. Martin
Susan Mathiascheck
Holland & Hart LLP
901 K Street NW, Suite 850
Washington, DC  20001

25 South Willow Street, Suite 200
P.O. Box 68
Jackson, WY  83001
Telephone:  (307) 739-9741
Fax:  (307) 739-9744
jcmartin@hollandhart.com
smmathiascheck@hollandhart.com

Hadassah M. Reimer
Holland & Hart LLP
P.O. Box 68
Jackson, WY  83001
Phone:  (307) 739-9741
Fax:  (307) 739-9744
hmreimer@hollandhart.com

Kristina (Tina) R. Van Bockern
Holland & Hart LLP
555 Seventeenth Street, Suite 3200
Denver, CO  80202
Phone: (303) 295-8107
Fax: (720) 545-9952

29

## CERTIFICATE OF SERVICE

I hereby certify that, on September 15, 2020, a copy of the foregoing document was served on the following persons by the following means:

| | |
|---|---|
| _____ | CM/ECF |
| 1____ | Hand Delivery |
| 2, 3, 4 | Mail |
| _____ | Overnight Delivery Service |
| _____ | Fax |
| 2, 3, 4 | E-Mail |

1.    Clerk, U.S. District Court

2.    Shiloh S. Hernandez
      Western Environmental Law Center
      103 Reeder's Alley
      Helena, MT  59601
      hernandez@westernlaw.org

3.    Nathaniel Shoaff
      Sierra Club
      2101 Webster Street, Suite 1300
      Oakland, CA 94612
      Nathaniel.shoaff@sierraclub.org

4.    Jean E. Williams
      Deputy Assistant Attorney General
      Michelle-Ann C. Williams
      Trial Attorney, Natural Resources Section
      Caitlin M. Cipicchio
      Trial Attorney, Natural Resources Section
      H. Hubert Yang
      Senior Trial Attorney, Wildlife & Marine Resources Section
      Environment & Natural Resources Division
      United States Department of Justice
      Ben Franklin Station
      PO Box 7611

Washington, D.C.  20044-7611
Michelle-Ann.Williams@usdoj.gov
Caitlin.cipicchio@usdoj.gov
Hubert.yang@usdoj.gov

15375737_v1