**FILED**

OCT 06 2020

Clerk, U.S. Courts
District Of Montana
Billings Division

Michelle M. Sullivan
Adrian A. Miller
Sullivan Miller Law PLLC
3860 Avenue B, Suite C East
Billings, MT 59102
Phone: (406) 403-7066
michelle.sullivan@sullivanmiller.com
adrian.miller@sullivanmiller.com

*ATTORNEYS FOR AMICUS
CITY OF COLSTRIP*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| MONTANA ENVIRONMENTAL INFORMATION CENTER, INDIAN PEOPLE'S ACTION, 350 MONTANA, SIERRA CLUB, WILDEARTH GUARDIAN,<br><br>Plaintiffs,<br><br>vs.<br><br>DAVID BERNHARDT, et al.,<br><br>Defendants,<br><br>and<br><br>WESTMORELAND ROSEBUD MINING, LLC,<br><br>Intervenor. | Case No. CV 19-130-BLG-SPW-TJC<br><br><br><br>**RULE 7.5 MOTION BY CITY OF COLSTRIP FOR LEAVE TO FILE AN AMICUS BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** |

The City of Colstrip ("Colstrip"), in accordance with Local Rule 7.5, respectfully moves this Court for leave to file an amicus brief in opposition to Plaintiffs' Motion for a Preliminary Injunction (Doc. 62). Pursuant to Local Rule 7.1(c), all other parties to this matter have been contacted. Plaintiffs and the federal defendants take no position on the Motion. Westmoreland Rosebud Mining and the International Union of Operating Engineers, Local 400, do not object to the Motion.

If leave is granted, Colstrip would provide this Court with critical information related to the impact of Plaintiffs' requested relief on the local community where the Rosebud Mine and Colstrip Power Plant are located. Specifically, Colstrip can provide additional and highly relevant information which may affect the court's analysis of the balance-of-harms and the public-interest prongs of the preliminary injunction test. This Court would benefit from an amicus brief from Colstrip because Colstrip's interests extend beyond those already a party to this action. Colstrip would provide evidence and argument in support of its position opposing the preliminary injunction in an amicus brief.

The Ninth Circuit has held that district courts have "broad discretion" to allow amicus briefing, and will not overturn a district court's decision to grant such briefing except for an abuse of discretion. *Hoptowit v. Ray*, 682

F.2d 1237, 1260 (9th Cir. 1982), *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995). If the amicus would be helpful in "investigating the facts and advising" the Court, it should be allowed. *Id.*

In this Court, Local Rule 7.5 requires a party to seek leave before an amicus brief may be filed. The motion for leave must state (1) why the amicus is interested in the matter, and (2) why an amicus brief is desirable and relevant, including why the parties cannot adequately address the matter. Both requirements are addressed below.

## I. COLSTRIP IS INTERESTED IN THIS MATTER BECAUSE THE OUTCOME AFFECTS ITS CONTINUED VIABILITY AS A COMMUNITY.

Colstrip was originally established in the early 1920s.[1] Mining started in 1924, and the coal was used by steam locomotive boilers on the Northern Pacific Railway. 44 million tons of coal were mined during the first 34 years of operation. In 1958, mining operations ended after diesel engines replaced the coal-fired steam locomotives.

---

[1] Unless otherwise specifically noted, facts in this section have been taken from the following two sources:
https://en.wikipedia.org/wiki/Colstrip,_Montana#:~:text=Colstrip%20was%20established%20by%20the,from%20the%20Fort%20Union%20Formation.
and https://leg.mt.gov/content/committees/interim/2007_2008/energy_telecom/meeting_documents/ETICWesternEnergypresent.pdf

A year later, Montana Power Company purchased the rights to the mine and the town, and mining operations resumed in the 1970s, with an eye toward building coal-fired electrical plants. Units 1 and 2 went online in 1975 and 1976, and Units 3 and 4 went online in 1984 and 1986. The Rosebud Mine and Colstrip Power Plants have been the economic lifeblood of Colstrip and much of Rosebud County for more than 40 years.

Colstrip incorporated in 1998. With a population of 2,214 as of the 2010 census, it is the largest city in Rosebud County. That census also recorded 863 households. As noted in Westmoreland's briefing, over 500 mine and power plant workers and their families live in Colstrip. *See* Doc. 73 p.3. The Mine and Power Plants are, far and away, the primary industries in Colstrip. Nearly all the remaining employers in Colstrip – education, retail, dining, medical, government, etc. – support the families that reside in Colstrip because of the Mine and Power Plants.

The fate of the Mine and Power Plants – and thus Colstrip itself – has been the subject of much attention and speculation in recent years. In early 2020, Units 1 and 2 were shuttered and are in the process of being dismantled. Units 3 and 4 remain operational, however, as does the Mine. Recently, NorthWestern Energy, Inc. ("NorthWestern") offered to purchase the ownership interest of Puget Sound Energy, Inc. in Unit 4. Approval of

that purchase is currently being considered by the Montana Public Service Commission. If approved, the Power Plant could continue operating for many more years, meaning the adjacent Rosebud Mine would remain operational, as well.

If either the Mine or the Power Plant were to permanently shutter, the community of Colstrip would effectively collapse. 500 families would be forced to leave for lack of work. Colstrip needs the Mine to survive.

Even Colstrip's infrastructure is dependent on the continued operation of the Mine and Power Plants. Colstrip receives its water supply from the Yellowstone River, some 30 miles away, transported by the same pipe that provides water to the Power Plant. With its tax base, Colstrip provides its residents with 24/7 police protection, a fire department, and public schools. Beyond Colstrip and Rosebud County, the Mine and Power Plants provide vital electricity to the Northern Plains of Montana, which regularly experience sub-zero winter temperatures.

Colstrip is interested in this matter because without the Mine and the Power Plants, its citizens will lose their livelihoods. Colstrip will lose its water supply. What is now a vibrant and successful community will be abandoned by its residents. Property values will plummet, and homes will sit empty. Other than those directly impacted – i.e., the Mine's owners and

its direct employees – Colstrip represents its citizens who support the Mine and the people who work there. Colstrip's interests should be considered by this Court, and its Motion for Leave to File an Amicus Brief should be granted.

**II. AN AMICUS BRIEF IS DESIRABLE AND RELEVANT, AS IT WILL REVEAL THAT A PRELIMINARY INJUNCTION WILL HAVE A NEGATIVE IMPACT BEYOND THE INTERESTS OF THE FEDERAL GOVERNMENT AND THE INTERVENORS.**

This case has far-reaching implications. The federal government will defend its decision-making process. Westmoreland will advocate for itself as the Mine owner, and the Union will advocate for its workforce. Colstrip deserves a seat at the table to ensure this Court likewise considers the interests of the teachers, shop owners, street workers, police officers, medical personnel, retirees, and other city residents. For the reasons set forth in Section I above, Colstrip's amicus brief is desirable and relevant to the issues at hand. In particular, when considering the balance of harms and the public interest, the significant impacts of a preliminary injunction on the City of Colstrip and its residents should be considered. If leave is granted, Colstrip will present its arguments to the Court, thereby providing this Court with a thorough and complete record before it renders a decision.

## CONCLUSION

Colstrip and its citizens understand, perhaps more than most, the concept of a boom-and-bust economy. They are aware that there are competing arguments that have been raised throughout the years regarding the coal-fired power plants and adjacent mine. Colstrip wants a voice in the decisions that are being made, so that it may educate this Court on the impact that a preliminary injunction would have on the city. For these reasons and as stated above, Colstrip asks this Court to grant its Motion for Leave to File an Amicus Brief.

DATED this 6th day of October, 2020.

Michelle M. Sullivan
Adrian A. Miller
Sullivan Miller Law PLLC
3860 Avenue B, Suite C East
Billings, MT 59102
*ATTORNEYS FOR AMICUS
CITY OF COLSTRIP*

## CERTIFICATE OF COMPLIANCE

The undersigned, Michelle M. Sullivan, certifies that this Motion for Leave to File an Amicus Brief complies with the requirements of Rule 7.1(d)(2). The lines in this document are double spaced, except for footnotes and quoted and indented material, and the document is proportionately spaced with Times New Roman Font typeface consisting of fourteen characters per inch. The total word count of this Motion is less than 3,250 words, excluding caption and certificates of compliance and service. The undersigned relies on the word count of the word processing system used to prepare this document.

/s/ Michelle M. Sullivan
Michelle M. Sullivan

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was duly served upon the following persons as indicated below, on the 6th day of October, 2020.

| | |
|---|---|
| Shiloh Silvan Hernandez<br>Melissa Anne Hornbein<br>Western Environmental Law Center –<br>   Helena<br>103 Reeder's Alley<br>Helena, MT 59601 | [X] U.S. Mail<br>[ ] Overnight Mail<br>[ ] Hand Delivery<br>[ ] Facsimile<br>[X] E-Mail |
| Nathaniel Shoaff<br>SIERRA CLUB - OAKLAND<br>2101 Webster Street, Suite 1300<br>Oakland, CA 94612 | [X] U.S. Mail<br>[ ] Overnight Mail<br>[ ] Hand Delivery<br>[ ] Facsimile<br>[X] E-Mail |
| Michelle-Ann C. Williams<br>UNITED STATES DEPARTMENT<br>   OF JUSTICE<br>Ben Franklin Station<br>P.O. Box 7611<br>Washington, DC 20004 | [X] U.S. Mail<br>[ ] Overnight Mail<br>[ ] Hand Delivery<br>[ ] Facsimile<br>[X] E-Mail |
| Caitlin M. Cipicchio<br>U.S. Department of Justice<br>ENRD<br>150 M St. N.E.<br>Washington, DC 20002 | [X] U.S. Mail<br>[ ] Overnight Mail<br>[ ] Hand Delivery<br>[ ] Facsimile<br>[X] E-Mail |
| Hao-Chin Hubert Yang<br>U. S. Department of Justice<br>P. O. Box 7611<br>Washington, DC 20044-7611 | [X] U.S. Mail<br>[ ] Overnight Mail<br>[ ] Hand Delivery<br>[ ] Facsimile<br>[X] E-Mail |

| | |
|---|---|
| John C. Martin<br>Hadassah M. Reimer<br>HOLLAND & HART - JACKSON<br>25 South Willow Street<br>Suite 200<br>PO Box 68<br>Jackson, WY 83001 | [X] U.S. Mail<br>[ ] Overnight Mail<br>[ ] Hand Delivery<br>[ ] Facsimile<br>[X] E-Mail |
| Kristina R. Van Bockern<br>HOLLAND & HART - DENVER<br>555 Seventeenth Street<br>Suite 3200<br>Denver, CO 80202-3979 | [X] U.S. Mail<br>[ ] Overnight Mail<br>[ ] Hand Delivery<br>[ ] Facsimile<br>[X] E-Mail |
| Susan Mathiascheck<br>Holland & Hart LLP<br>901 K Street NW, Suite 850<br>Washington, DC 20001 | [X] U.S. Mail<br>[ ] Overnight Mail<br>[ ] Hand Delivery<br>[ ] Facsimile<br>[X] E-Mail |
| William W. Mercer<br>HOLLAND & HART - BILLINGS<br>401 North 31st Street<br>Suite 1500<br>Billings, MT 59101-1277 | [X] U.S. Mail<br>[ ] Overnight Mail<br>[ ] Hand Delivery<br>[ ] Facsimile<br>[X] E-Mail |

_/s/ [signature]_