

FILED

OCT 13 2020

Clerk, U S District Court
District Of Montana
Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| MONTANA ENVIRONMENTAL INFORMATION CENTER, *et al.*, <br><br>Plaintiffs,<br><br>vs.<br><br>DAVID BERNHARDT *et al.*,<br><br>Defendants.<br><br>and<br><br>WESTMORELAND AND ROSEBUD MINING, LLC.,<br><br>Intervenor. | Case No. 1:19-cv-00130-SPW-TJC<br><br>**ORDER RE MAGISTRATE'S FINDINGS AND RECOMMENDATIONS** |

Before the Court is United States Magistrate Judge Timothy Cavan's findings and recommendations (Doc. 59) filed July 29, 2020. Judge Cavan recommends Defendant Westmoreland's Motion to Dismiss for Lack of Standing (Doc. 32) be granted in part and denied in part. Judge Cavan further recommends Defendant's Motion for Leave to Conduct Limited Discovery Regarding Plaintiff's

1

Standing (Doc. 47) be denied. For the following reasons, the Court adopts Judge Cavan's recommendations in full.

## I. STANDARD OF REVIEW

Defendant filed timely objections to the findings and recommendation concerning their motions to dismiss and for jurisdictional discovery. (Doc. 60). Defendant is entitled to de novo review of those portions of Judge Cavan's findings and recommendation to which they properly object. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

## II. FACTUAL SUMMARY

Neither party expressed an objection to Judge Cavan's description of the factual background of the case to this point. As such, the Court adopts the Judge Cavan's factual summary as follows:

> Plaintiffs bring this action challenging the approval of the Mine Plan Modification under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701-706 and the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321-5370h. (Doc. 55.) Plaintiffs request the Court vacate the Mine Plan Modification Decision and enjoin mining in the Area F expansion. (*Id.*)
>
> The Third Amended Complaint alleges Plaintiffs "have standing under Article III of the U.S. Constitution because the challenged actions cause them

2

economic, professional, recreational, and aesthetic harm, which will be remedied by a favorable ruling from this Court." (Doc. 55 at ¶ 13.)

Westmoreland moves to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of standing, arguing Plaintiffs failed to sufficiently allege a concrete and particularized injury. (Doc. 33.) Westmoreland also requests leave to conduct jurisdictional discovery related to the standing of MEIC, Sierra Club, and WildEarth Guardians. (Doc. 47.)

### III. DISCUSSION

#### A. Motion to Dismiss

"It goes without saying that those who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983). The Supreme Court has stated that "to satisfy Article III's standing requirements, a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180-81 (2000).

A defendant may challenge the plaintiff's jurisdictional allegations under Rule 12(b)(1) in one of two ways, "as a facial challenge to the allegations of a pleading, or as a substantive challenge to the facts underlying the allegations." *Atlantic Richfield Co. v. Christian*, 2016 U.S. Dist. LEXIS 184136, *8 (D. Mont. July 8, 2016); *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). The Ninth Circuit has explained the difference between a facial and factual attack as follows: "In a facial attack, the challenger asserts that the allegations contained in the complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

A facial attack is resolved in the same manner as a motion to dismiss under Rule 12(b)(6), the court accepts the plaintiff's allegations as true, draws all reasonable inferences in the plaintiff's favor, and determines whether the allegations are sufficient to invoke the court's jurisdiction. *Leite*, 749 F.3d at 1121. Whereas, a factual attack is resolved "under the same evidentiary standard that governs in the summary judgment context." *Id*. The defendant raises a factual attack "by introducing evidence outside the pleadings." *Id*. "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly before the court, the party opposing the motion must

4

furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Safe Air*, 373 F.3d at 1039.

On February 11, 2020, Defendant Westmoreland filed a motion to dismiss Plaintiffs' case because "Plaintiffs fail[ed] to sufficiently allege the first and most critical element of Article III standing: a concrete and particularized injury." (Doc. 33 at 1). Judge Cavan determined this motion to represent a facial attack on Plaintiffs' Third Amended Complaint. (Doc. 59 at 5). As a result, Judge Cavan analyzed the motion based solely on the contents of Plaintiffs' Third Amended Complaint and found that Plaintiffs WildEarth Guardians and Montana Environmental Information Center ("MEIC") sufficiently alleged an injury in fact to satisfy standing. Specifically, the Complaint stated "MEIC members live, work, and recreate in areas that will be adversely impacted by the Rosebud Mine expansion," as well as, "Guardians' members use and plan to continue to use and enjoy landscapes impacted by the Rosebud Mine Expansion." (Doc. 55 at 8; 10). Citing to *WildEarth Guardians v. Chao*, 392 F.Supp.3d 1192 (D. Mont. 2019), Judge Cavan found that these statements, although lacking in detail, satisfied the generalized pleading requirements for purposes of surviving a motion to dismiss. However, Indian People's Action, 350 Montana, and Sierra Club did not meet the pleading requirement and Judge Cavan recommended dismissing the parties with

5

leave to amend. The parties do not object to Judge Cavan's findings regarding Indian People's Action, 350 Montana, and Sierra Club.

Westmoreland objects to these findings arguing that Judge Cavan failed to consider evidence Westmoreland submitted that questioned the authenticity of MEIC and WildEarth Guardians' statements and transformed the motion from a facial attack to a substantial challenge. As part of its response to Westmoreland's motion to dismiss, Plaintiffs submitted affidavits from several individuals representing the four plaintiff organizations as supplemental evidence in addition to the general statements contained in the Third Amended Complaint. Jeremy Nichols submitted an affidavit on behalf of WildEarth Guardians stating that he visits the Rosebud mine area about once every two years since 2011 to recreate and enjoy the public land. (Doc. 44-2 at 4-5). Steven Gilbert submitted an affidavit on behalf of MEIC stating that he has visited the Rosebud Mine area since the late 1970s and continues to visit the area annually for recreation and work. (Doc. 44-1 at 2-3). Westmoreland questions the sincerity of these affidavits due to Mr. Gilbert's and Mr. Nichol's close ties to their representative organization and the possibility that the individuals traveled to the areas to seek out the mining expansion and establish standing.

Plaintiffs respond that Westmoreland's attacks on the supplemental affidavits do not change the party's original motion from a facial attack to a factual

6

attack. Because Westmoreland's motion argued the Third Amended Complaint contained insufficient allegations to establish standing, Plaintiffs maintain that Judge Cavan properly considered the motion as a facial challenge and this Court should adopt his findings and recommendations.

The Court agrees with Judge Cavan that MEIC's and WildEarth Guardians' allegations contained in the Third Amended Complaint are sufficient to establish standing under Article III. Both MEIC and WildEarth Guardians state that members of their organizations regularly visit the affected area for aesthetic and recreational value. Both organizations further state that this aesthetic value will be negatively impacted by the proposed mine expansion. These statements adequately allege an injury in fact for environmental plaintiffs. *WildEarth Guardians v. Chao*, 392 F.Supp.3d 1192, 1196 (D. Mont. 2019) ("Environmental plaintiffs 'adequately allege injury in fact when they aver that they used the affected area and are persons for whom the aesthetic and recreational values of the area will be lessened by the challenged activity.'" (quoting *Oregon v. Legal Servs. Corp.*, 552 F.3d 965, 969 (9th Cir. 2009)). Though the statements lack specific details, "[a]t the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we 'presume[e] that general allegations embrace those specific facts that are necessary to support the claim.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Further, plaintiff organizations

7

need not identify specific members by name at the pleading stage in order to satisfy standing requirements. *Ass'n of Am. Physicians v. Sebelius*, 901 F.Supp.2d 19, 31 (D. D.C. 2012). Therefore, this Court assumes that the general statements proffered by MEIC and WildEarth Guardians embrace the specific facts necessary to confer standing and finds the allegations are sufficient to satisfy Article III.

Westmoreland's objection spends little time on the contention that the Third Amended Complaint's allegations are insufficient as a facial matter. Instead, Westmoreland focuses on the argument that while the motion to dismiss began as a facial attack, the Court must now analyze it as a factual attack based on the supplemental affidavits filed by MEIC and WildEarth Guardians. Judge Cavan's findings note that in their motion reply brief, Westmoreland presents evidence questioning the veracity of supplemental affidavits included in Plaintiff's response to Westmoreland's facial standing challenge. However, because Judge Cavan was not convinced that Westmoreland's reply converted the motion to a factual challenge, Judge Cavan did not consider the supplemental affidavits in his standing analysis.

The Court agrees with Judge Cavan and finds that the evidence presented in Westmoreland's reply brief did not serve to convert the motion from a facial challenge to a factual one. For one, Westmoreland did not present any caselaw supporting their contention that attacking the credibility of evidence presented

outside the complaint in a reply brief somehow transforms the substantive argument of the original motion. Second, as a matter of procedure and fairness, the Court fails to see how the reply brief submitted in this case satisfies the requirements of a proper factual challenge. Those requirements are described as such: "[o]nce the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Am. Diabetes Ass'n v. United States Dep't of the Army*, 938 F.3d 1147, 1151 (9th Cir. 2019) (quoting *Safe Air*, 373 F.3d at 1039). It is the Court's determination that Westmoreland did not satisfy this procedural requirement. By attempting to challenge the factual allegations in a reply brief, Westmoreland failed to present their evidence properly and deprived Plaintiffs of the required opportunity to present further 'affidavits or other evidence' to establish standing. *Castillo v. Cartier*, 2018 U.S. Dist. LEXIS 212143, *4-5 (E.D. Cal. 2018) ("When the moving party makes a factual challenge to subject matter jurisdiction, they must submit affidavits and any other evidence properly before the court.")

Therefore, Plaintiffs MEIC and WildEarth Guardians sufficiently allege an injury in fact in their Third Amended Complaint to survive a motion to dismiss. Westmoreland's challenge to the Third Amended Complaint remains a facial

...

challenge and, as such, the Court need not consider evidence presented outside the Complaint. No party objected to Judge Cavan's finding that Plaintiffs Indian People's Action, 350 Montana, and Sierra Club failed to satisfy the standing requirements at the pleading stage and recommended the dismissal of the parties with leave to amend. The Court adopts this finding and recommendation.

## B. Motion for Leave to Conduct Jurisdictional Discovery

In addition to the motion to dismiss, Westmoreland moved for leave to conduct additional jurisdictional discovery. Jurisdictional discovery is warranted when a party successfully challenges the facts presented in a complaint or further clarification on the factual allegations is needed. *Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986). The Court has broad discretion to permit discovery. *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003). Judge Cavan recommended a denial of this motion as unnecessary after determining that Westmoreland's facial challenge to the Third Amended Complaint failed as a matter of law. The Court, having reached a similar determination, denies Westmoreland's discovery motion as unnecessary. Westmoreland's motion to dismiss failed to properly convert to a factual challenge and, as a facial challenge, the Court need not consider evidence presented outside a complaint to reach the merits of the argument. Therefore, the need to discover and present evidence outside the complaint is unwarranted.

10

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that Judge Cavan's Findings and Recommendations (Doc. 59) are **ADOPTED IN FULL**.

**IT IS FURTHER ORDERED** that Westmoreland's Motion to Dismiss for Lack of Standing (Doc. 32) is **GRANTED** in part and **DENIED** in part. Plaintiffs Indian People's Action, 350 Montana, and Sierra Club are dismissed with leave to amend.

**IT IS FURTHER ORDERED** that Westmoreland's Motion for Leave to Conduct Limited Discovery Regarding Plaintiffs' Standing (Doc. 47) is **DENIED.**

The Clerk of Court is directed to notify the parties of the making of this Order.

DATED this 13th day of October, 2020.

/s/ Susan P. Watters
SUSAN P. WATTERS
United States District Judge