John C. Martin
Susan Mathiascheck
Hadassah M. Reimer
Kristina Van Bockern
Holland & Hart LLP
901 K Street NW, Suite 850
Washington, DC  20001

P.O. Box 68
Jackson, WY  83001
Phone: (307) 739-9741
Fax: (307) 739-9744
jcmartin@hollandhart.com
smmathiascheck@hollandhart.com
hmreimer@hollandhart.com
trvanbockern@hollandhart.com

William W. Mercer
Holland & Hart LLP
401 N. 31st St., Suite 1500
P.O. Box 639
Billings, MT 59103
Phone: (406) 252-2166
wwmercer@hollandhart.com

*Attorneys for Intervenors Westmoreland Rosebud Mining LLC & International
Union of Operating Engineers, Local 400*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| MONTANA ENVIRONMENTAL INFORMATION CENTER, INDIAN PEOPLE'S ACTION, 350 MONTANA, SIERRA CLUB, WILDEARTH GUARDIANS, <br><br> Plaintiffs, <br><br> vs. <br><br> DAVID BERNHARDT, et al., <br><br> Defendants, | Case No. 1:19-cv-00130-SPW-TJC <br><br><br> **BRIEF IN SUPPORT OF INTERVENORS' MOTION FOR EVIDENTIARY HEARING** |

|  | ) |
| --- | --- |
| and | ) |
|  | ) |
| WESTMORELAND ROSEBUD | ) |
| MINING LLC and INTERNATIONAL | ) |
| UNION OF OPERATING | ) |
| ENGINEERS, LOCAL 400, | ) |
|  | ) |
| Intervenors. | ) |

In support of their motion for preliminary injunction, Plaintiffs make several factual assertions regarding the weight of the equities that Intervenors Westmoreland Rosebud Mining LLC ("Westmoreland") and International Union of Operating Engineers, Local 400 ("Union") vigorously dispute.  As such, the pending motion raises factual questions that must be resolved in an evidentiary hearing before the Court can rule on Plaintiffs' extraordinary request.

In addition, for Plaintiffs to obtain an order shutting down Area F operations, Plaintiffs must meet their burden at this stage of the proceedings to affirmatively demonstrate standing.  Here, the Court has not yet considered the factual bases for Plaintiffs' standing set out in their declarations, and Intervenors have presented evidence raising substantial questions regarding the veracity of Plaintiffs' standing claims.  The Court is best served to hear from the standing witnesses themselves to make factual findings regarding the bases for the Court's jurisdiction to hear this case.

For both of these reasons, an evidentiary hearing is necessary to the Court's consideration of Plaintiffs' motion.

# ARGUMENT

## I.   WEIGHING THE EQUITIES REQUIRES CONSIDERATION OF DISPUTED ISSUES OF FACT.

The preliminary injunction motion requires the Court to weigh disputed

issues of fact going to the equities.  To be entitled to extraordinary pre-judgment

relief, Plaintiffs must make a clear showing that (1) they are likely to succeed on

the merits, (2) they are likely to suffer irreparable harm without an injunction, (3)

that the balance of the equities tips in favor of an injunction, and (4) that the public

interest warrants an injunction.  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7,

20 (2008).  To answer the first question, the court is constrained to consideration of

the administration record—in a case brought pursuant to the Administrative

Procedure Act, the question is whether the record demonstrates consideration of

the relevant factors and articulates a rational connection between the facts found

and the choice made.  *Northcoast Envtl. Ctr. v. Glickman*, 136 F.3d 660, 666 (9th

Cir. 1998).  Facts and evidence outside the record are irrelevant to the likelihood of

success on the merits.

By contrast, in considering the three equitable factors—irreparable harm, the

balance of harms, and the public interest—the Court must necessarily consider the

parties' factual allegations and any declarations and other evidence submitted in

support of those allegations.  *See, e.g., Eco Tour Adventures, Inc. v. Zinke*, 249 F.

Supp. 3d 360, 369 n.7 (D.D.C. 2017) (finding "there usually will be no

3

administrative record developed" regarding requests for injunctive relief and, thus, "it will often be necessary for a court to take new evidence to fully evaluate claims" for such relief) (internal quotation marks omitted).  When the evidence raises disputed questions of fact, the Court must hold an evidentiary hearing to weigh the credibility of the parties' witnesses.  *Neighbors Against Bison Slaughter v. Nat'l Park Serv.*, CV 19-128-BLG-SPW, 2019 WL 6465093, *3 (D. Mont. Dec. 2, 2019) ("Normally, [when material facts are disputed], a district court holds an evidentiary hearing before issuing or denying a preliminary injunction.").

        In this case, the parties' supporting declarations and other documentation create disputed issues of material fact that require an evidentiary hearing and findings of fact by the Court.  The disputed questions of fact before the Court include, but are not limited to the following:

    1.    ***The severity of harm to the Mine and its employees of an injunction.***
          Plaintiffs assert that shutting down Area F mining will pose no harm to the Mine and that no Mine employee will lose his or her job.  Mr. Jack Standa,[1] General Manager, declared, however, that in the near term, the Mine would be forced to expend an additional $2.5 million

---

[1] Since Mr. Standa's declaration was filed, he has left Westmoreland for a new position.  Westmoreland anticipates that the information provided in Mr. Standa's declaration would be supported by testimony from Mr. Russell Batie.

per year in operating costs if forced to meet its coal supply contractual obligations without Area F.  Over the longer term, coal reserves in other Mine areas will be depleted within 3-5 years.  This abbreviated threshold is likely to affect investment in the Mine and power plant long before the three years have passed, resulting in potential premature closure of the Mine and loss of jobs of all employees, including those of the Union members at the Mine.

2.    ***The status and adequacy of reclamation at the Mine.***  Plaintiffs allege that Westmoreland is delinquent with respect to its reclamation obligations and that reclamation cannot occur within the course of a human lifetime.  Mr. Wade Steere's declaration refutes these assertions, and his testimony would detail Westmoreland's successful reclamation program.

3.    ***The potential closure date of the Colstrip Power Generating Station.***  Plaintiffs allege the power plant is on the verge of closure, but evidence presented by Dr. Timothy Considine contradicts this representation and Dr. Considine would testify that the power plant is likely to remain operational at least through 2040, if not called into question by an indefinite preliminary injunction foreclosing coal production from Area F.

4.    ***The effects of an injunction on greenhouse gas (GHG) emissions from mining and power generation at the Colstrip Power Generating Station.***  Plaintiffs allege irreparable harm from GHG emissions and imply that an injunction can remedy that harm.  In fact, Dr. Timothy Considine and Dr. Krish Vijayaraghavan declared and would both testify that an injunction putting Area F off limits would not affect the level of GHG emissions from the power plant, but would likely cause an increase in GHG emissions from mining in other Mine areas with higher strip ratios.

5.    ***The extent of impacts of mining to prairie streams and other surface waters.***  Plaintiffs' declarant Mr. Johnson alleges irreparable harm to surface waters in the West Fork Armells Creek drainage.  But Mr. Wade Steere stated and would testify that Area F was designed to minimize impacts to hydrological resources by putting off limits any mining in stream channels and implementing aggressive water mitigation measures in mined areas.  Dr. Michael Nicklin would further explain that any effects to surface water quality would be at a local scale without significant discernable impacts outside of Area F.

6.    ***The lack of connection between Area F coal production and pallid sturgeon.***  Plaintiffs' expert Dr. Marcus Griswold claims power plant

water withdrawals from the Yellowstone River pose an immediate threat to pallid sturgeon and implies that an injunction is necessary to avoid this irreparable harm.  By contrast, Dr. Catherine Murphy declared and would testify that Yellowstone water withdrawals, which have occurred for decades, do not present an imminent threat to the pallid sturgeon and are not the key factor affecting sturgeon populations.  Dr. Michael Nicklin further contests Plaintiffs' expert's quantification of power plant withdrawals.

7. ***Whether a bond would impose an undue hardship on Plaintiffs.***

Plaintiffs claim that their limited budgets foreclose their ability to post a bond and that Westmoreland did to demand a specific bond amount. But Mr. Standa declared that Westmoreland stands to lose $2.5 million per year in the near term if an injunction issues, and Westmoreland submitted tax documentation of Plaintiffs' substantial financial assets.

These contested factual questions, and possibly others, require a hearing.

## II.    PLAINTIFFS' FACTUAL STANDING ALLEGATIONS ARE DISPUTED.

This court recently held that two of the Plaintiffs[2] sufficiently pled standing

to survive a motion to dismiss at the pleadings stage.  The Court expressly declined

to consider whether the remaining Plaintiffs in fact have sufficient standing to

create an Article III case and controversy sufficient to grant this Court jurisdiction

to decide this case.  With Plaintiffs now seeking extraordinary pre-judgment relief,

their obligation to prove standing has advanced.

Early in the course of this litigation, Westmoreland moved to dismiss on the

grounds that Plaintiffs failed to allege standing sufficient to maintain jurisdiction

(Doc. 32).  In response, and to defend their alleged standing, Plaintiffs submitted

four declarations purporting to demonstrate injury in fact to their members'

recreational and aesthetic interests in Area F and the surrounding West Fork

Armell's Creek drainage (Doc. 44).  On reply, Westmoreland accepted as true the

facts in two of the four declaration, and argued that even those facts were

insufficient to support standing (Doc. 46).  Regarding the declarations of Mr.

Steven Gilbert and Mr. Jeremy Nichols, however, Westmoreland presented

additional evidence[3] calling into question the veracity of their alleged recreation on

---

[2] The Court held that three of the original Plaintiffs did not meet even the minimal
burden to plead an interest in the matter sufficient to demonstrate standing and
dismissed them from the case.

[3] Westmoreland submitted previous sworn declarations and deposition testimony
from Mr. Gilbert and Mr. Nichols which suggest that they do not actually recreate

and use of lands in the vicinity of Area F.  Ultimately, the Court deferred

consideration of Plaintiffs' standing declarations and Westmoreland's factual

challenge, holding that Westmoreland's original facial challenge limited the scope

of its consideration at the pleading stage (Doc. 93).[4]  The Court determined that on

the face of the Complaint, Montana Environmental Information Center and

WildEarth Guardians had made sufficient allegations to support standing, but

dismissed the other Plaintiffs with leave to amend the Complaint.  *Id.* at 9-10.

Now, at the preliminary injunction stage of these proceedings, Plaintiffs

cannot rest on the pleadings.  Standing is "an indispensable part of the plaintiff's

case," and "each element must be supported in the same way as any other matter

on which the plaintiff bears the burden of proof, i.e., with the manner and degree of

evidence required at the successive stages of the litigation."  *Lujan v. Defenders of*

*Wildlife*, 504 U.S. 555, 561 (1992).  Although general factual allegations may have

sufficed at the pleading stage, at the summary judgment phase, facts supporting

standing must be "set forth" by affidavit or other evidence.  *Id.*  And if

controverted, "those facts . . . must be supported adequately by the evidenced

---

in the vicinity of Area F or do so only for the purpose of establishing standing,
contrary to statement in the declarations filed when their organizations' standing
was challenged.

[4] The Court affirmed U.S. Magistrate Judge Timothy Cavan's proposed findings
and recommendations (Doc. 59).

adduced at trial." *Id*. (citation and quotations omitted).  The same standard of care in determining whether standing—and therefore jurisdiction—exists, should apply at the preliminary injunction phase where Plaintiffs ask the Court to take the unusual step of using its authority to impose a remedy before deciding whether it is warranted on the merits.

Plaintiffs have submitted their declarations setting out their factual bases for standing.  Plaintiffs' factual allegations, however, are not uncontroverted. Westmoreland's reply in support of its motion to dismiss (Doc. 46) and motion for limited jurisdiction discovery (Doc. 47) are supported by the declarations and deposition testimony of Plaintiffs' declarants, that demonstrate that Plaintiffs have not provided an accurate picture of either their prior travel in the vicinity of Area F or their intent in visiting the area.  The Court is obligated to satisfy itself that Plaintiffs can establish the factual bases for their standing, given contrary factual claims, before considering whether to grant the extraordinary relief of a preliminary injunction.  Thus, Plaintiffs must meet their burden to present their standing witnesses at an evidentiary hearing to determine the threshold question of standing, which cannot be waived by any party.

## CONCLUSION

Plaintiffs' motion for preliminary injunction requires the Court to considered disputed issues of fact in weighing the equities.  The Court should also determine

whether Plaintiffs have met their burden to demonstrate standing that is appropriate to this significant stage of the litigation.  Thus, Westmoreland respectfully requests that the Court set a date for an evidentiary hearing to hear testimony on these material issues of fact.

Dated this 16th day of October, 2020.

*/s/ Hadassah M. Reimer*
John C. Martin
Susan Mathiascheck
Hadassah M. Reimer
Kristina R. Van Bockern

Holland & Hart LLP
901 K Street NW, Suite 850
Washington, DC  20001
25 South Willow Street, Suite 200
P.O. Box 68
Jackson, WY  83001
Telephone:  (307) 739-9741
Fax:  (307) 739-9744
jcmartin@hollandhart.com
smmathiascheck@hollandhart.com
hmreimer@hollandhart.com
trvanbockern@hollandhart.com

William W. Mercer
Holland & Hart LLP
401 N. 31st St., Suite 1500
P.O. Box 639
Billings, MT 59103
Phone: (406) 252-2166
wwmercer@hollandhart.com

*Attorneys for Westmoreland Rosebud*
*Mining LLC and Local 400, International*
*Union of Operating Engineers*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 16, 2020, I filed the foregoing document electronically through the CM/ECF system, which caused all counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

*/s/ Hadassah M. Reimer*
Holland & Hart LLP
